FILED
2022 Nov-23  PM 02:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

# ALABAMA SJIS CASE DETAIL



**PREPARED FOR: KILE TURNER**

County: **08**     Case Number: **CV-2022-900123.00**     Court Action:

Style: **SHARON DORSEY V. TRANS UNION, LLC ET AL**

**Real Time**

## Case Action Summary

| Date: | Time | Code | Comments | Operator |
|-------|------|------|----------|----------|
| 10/18/2022 | 5:11 PM | ECOMP | COMPLAINT E-FILED. | SEA030 |
| 10/18/2022 | 5:12 PM | FILE | FILED THIS DATE: 10/18/2022          (AV01) | AJA |
| 10/18/2022 | 5:12 PM | EORD | E-ORDER FLAG SET TO "Y"          (AV01) | AJA |
| 10/18/2022 | 5:12 PM | ASSJ | ASSIGNED TO JUDGE: STEVEN D KING          (AV01) | AJA |
| 10/18/2022 | 5:12 PM | ORIG | ORIGIN: INITIAL FILING          (AV01) | AJA |
| 10/18/2022 | 5:12 PM | STAT | CASE ASSIGNED STATUS OF: ACTIVE          (AV01) | AJA |
| 10/18/2022 | 5:12 PM | SCAN | CASE SCANNED STATUS SET TO: N          (AV01) | AJA |
| 10/18/2022 | 5:12 PM | TDMJ | JURY TRIAL REQUESTED          (AV01) | AJA |
| 10/18/2022 | 5:12 PM | C001 | C001 PARTY ADDED: DORSEY SHARON          (AV02) | AJA |
| 10/18/2022 | 5:12 PM | C001 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 10/18/2022 | 5:12 PM | C001 | LISTED AS ATTORNEY FOR C001: SEALS WALLACE WHITNE | AJA |
| 10/18/2022 | 5:12 PM | C001 | C001 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 10/18/2022 | 5:12 PM | D001 | D001 PARTY ADDED: TRANS UNION, LLC          (AV02) | AJA |
| 10/18/2022 | 5:12 PM | D001 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 10/18/2022 | 5:12 PM | D001 | LISTED AS ATTORNEY FOR D001: PRO SE          (AV02) | AJA |
| 10/18/2022 | 5:12 PM | D001 | CERTIFIED MAI ISSUED: 10/18/2022 TO D001   (AV02) | AJA |
| 10/18/2022 | 5:12 PM | D001 | D001 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 10/18/2022 | 5:12 PM | D002 | D002 PARTY ADDED: IC SYSTEM, INC.          (AV02) | AJA |
| 10/18/2022 | 5:12 PM | D002 | INDIGENT FLAG SET TO: N          (AV02) | AJA |
| 10/18/2022 | 5:12 PM | D002 | LISTED AS ATTORNEY FOR D002: PRO SE          (AV02) | AJA |
| 10/18/2022 | 5:12 PM | D002 | CERTIFIED MAI ISSUED: 10/18/2022 TO D002   (AV02) | AJA |
| 10/18/2022 | 5:12 PM | D002 | D002 E-ORDER FLAG SET TO "Y"          (AV02) | AJA |
| 10/19/2022 | 11:19 AM | ESCAN | SCAN - FILED 10/19/2022 - RECEIPT | BOH |
| 10/28/2022 | 9:30 AM | D002 | SERVICE OF CERTIFIED MAI ON 10/24/2022 FOR D002 | BOH |
| 10/28/2022 | 9:31 AM | ESERC | SERVICE RETURN | BOH |
| 10/28/2022 | 3:21 PM | D001 | SERVICE OF CERTIFIED MAI ON 10/24/2022 FOR D001 | BOH |
| 10/28/2022 | 3:22 PM | ESERC | SERVICE RETURN | BOH |

   *END OF THE REPORT*

ELECTRONICALLY FILED
10/18/2022 5:11 PM
08-CV-2022-900123.00
CIRCUIT COURT OF
BLOUNT COUNTY, ALABAMA
CINDY C. MASSEY, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET<br>CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case<br>08<br><br>Date of Filing:<br>10/18/2022 | Judge Code: |
|---|---|---|---|

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF BLOUNT COUNTY, ALABAMA**

**SHARON DORSEY v. TRANS UNION, LLC ET AL**

**First Plaintiff:** ☐ Business  ☑ Individual      **First Defendant:** ☑ Business  ☐ Individual
☐ Government  ☐ Other                                ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☑ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/<br>Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ INITIAL FILING        A ☐ APPEAL FROM<br>DISTRICT COURT        O ☐ OTHER

R ☐ REMANDED        T ☐ TRANSFERRED FROM<br>OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES  ☐ NO      Note: Checking "Yes" does not constitute a demand for a<br>jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**        ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

SEA030 _____     10/18/2022 5:11:37 PM     /s/ WALLACE WHITNEY SEALS
                              Date                        Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**        ☐ YES  ☐ NO  ☑ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**        ☐ YES  ☐ NO

ELECTRONICALLY FILED
10/18/2022 5:11 PM
08-CV-2022-900123.00
CIRCUIT COURT OF
BLOUNT COUNTY, ALABAMA
CINDY C. MASSEY, CLERK

# IN THE CIRCUIT COURT OF BLOUNT COUNTY, ALABAMA

| | | |
|---|---|---|
| **SHARON DORSEY,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NUMBER:** |
| | ) | **JURY TRIAL DEMANDED** |
| **TRANS UNION, LLC;** | ) | |
| **I C SYSTEM, INC.;** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |

---

## COMPLAINT

---

**COMES NOW** the Plaintiff, **SHARON DORSEY,** by and through her undersigned counsel, and for her complaint against Defendants states as follows:

### PRELIMINARY STATEMENT

This is an action for actual, statutory and punitive damages, costs and attorneys' fees brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, *et seq.* and the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692, *et seq.*

### STATEMENT OF THE PARTIES

1.    Plaintiff, **SHARON DORSEY,** is over the age of nineteen (19) years and is  a resident of the city of Remlap in Blount County,

Alabama.

2.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

3.     Defendant TRANS UNION, LLC. (hereinafter "Trans Union") is a Delaware limited liability company with its principal place of business in Illinois.  Trans Union does and has, at all pertinent times, done business in the State of Alabama and in Blount County.

4.     Trans Union is a nationwide consumer reporting agency as that term is defined by 15 U.S.C. §1681a(f).

5.     Defendant IC SYSTEM, INC. (hereinafter "IC System") is a corporation formed under the laws of the State of Minnesota with a principal place of business in the State of Minnesota.  IC System does and has, at all pertinent times, done business in this district.

6.     Plaintiff asserts that Defendant IC System is a debt collector as defined by the Fair Debt Collection Practices Act at 15 U.S.C. §1692(a)(6).

7.     As part of its debt collection business, IC System furnishes consumer credit information to credit reporting agencies such as

Defendant Trans Union.

8.   Upon information and belief, Defendant Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers, such as Plaintiff, for the purpose of furnishing consumer reports as defined in 15 U.S.C. §1681a(f) to third parties.

9.   Upon information and belief Trans Union disburses consumer reports to third parties for monetary compensation.

10.   All events herein occurred in Blount County, Alabama.

## STATEMENT OF FACTS

11.   Plaintiff moved to her current home in 2018.  She applied for phone and internet service with AT&T.  Specifically Plaintiff attempted to get AT&T's U-Verse product.

12.   Unfortunately, AT&T did not offer U-Verse in Plaintiff's area and could not provide U-Verse service to her home.

13.   Despite being unable to provide U-Verse service to Plaintiff, AT&T sent Plaintiff's bills for U-Verse service.  Again, U-Verse was a service AT&T did *not* offer in Plaintiff's area and was not available to Plaintiff.

14.   Despite not owing AT&T any money for U-Verse service since she

never received U-Verse because it was unavailable in her area, AT&T placed a debt for U-Verse services in the amount of $151.33 for collections with Defendant IC System.

15.    IC System reported the debt as being owed to "ATT U VERSE" and in collection status to Trans Union on or about December 28, 2020.

16.    Plaintiff learned that this inaccurate U-Verse debt that she did not owe was being reported by Trans Union.

### *FIRST DISPUTE LETTER*

17.    On or about May 11, 2022, Plaintiff sent Trans Union a dispute letter by certified mail that disputed the accuracy of the U-Verse debt being reported to Trans Union by IC System.

### *RESULTS OF TRANS UNION'S REINVESTIGATION*

18.    Trans Union responded to Plaintiff's May 11, 2022 dispute letter on May 24, 2022.

19.    Despite never owing IC System or AT&T U-Verse any money since she was unable to even receive the U-Verse service, Trans Union, after conducting an investigation, Trans Union updated the information being reported but otherwise verified the inaccurate information being reported to it by IC System that

Plaintiff disputed.

20.     Trans Union's investigation results letter to the Plaintiff contained the following invitation: "Should you wish to receive the above description of the procedures we used to investigate your dispute in a separate communication for your records, please contact Trans Union."

## PLAINTIFF'S REQUEST FOR PROCEDURES USED BY TRANS UNION IN INVESTIGATING HER DISPUTE

21.     Dissatisfied with Trans Union's investigation results, Plaintiff wrote to Trans Union on August 1, 2022 and requested a description of the procedures that Trans Union used to investigate her dispute and also asked for the name and address of any business or person that Trans Union contacted when it investigated her dispute.

22.     In response, on August 12, 2022, Trans Union sent Plaintiff a letter that said it received her letter but that "it didn't appear that you or a properly authorized third party sent it to us."  The letter went on to explain requirements of third parties such as credit repair companies or "credit clinics."

23.     Plaintiff did not retain or engage a credit repair company or

credit clinic.

24. Trans Union's August 12, 2022 letter failed to provide a description of the procedures that Trans Union used to investigate Plaintiff's dispute and also failed to provide the name and address of any business or person that Trans Union contacted when it investigated Plaintiff's dispute.

25. Despite Plaintiff's dispute and the evidence provided, Trans Union failed to conduct a reasonable reinvestigation as requested by the Plaintiff and as required by FCRA.  Upon information and belief Trans Union failed to contact any third parties or other entities other than IC System which simply confirmed the inaccurate information in its internal records that Plaintiff disputed.

26. At no point did Trans Union contact Plaintiff and tell her that it had insufficient information to conduct a reasonable investigation of her dispute or that her dispute was of a legal nature rather than a factual nature and as such could not reasonably be investigated.  Instead, rather than conduct any sort of meaningful investigation itself, Trans Union simply "parroted" what IC System told it regarding the debt, namely to verify the inaccurate

information already being reported.

27.     This inaccurate information negatively reflects on Plaintiff, her
        financial responsibility as a debtor and her credit worthiness.  As
        a result of the inaccurate and harmful information being
        reported, Plaintiff has been denied credit.

28.     Upon information and belief, despite the requirements of the Fair
        Credit Reporting Act, Trans Union does not itself conduct
        reinvestigations of consumer disputes such as Plaintiff's, but
        rather outsources its legal duty to conduct  reasonable
        reinvestigations of consumer disputes to a third-party entity
        located overseas.

29.     This system, which was intentionally put in place by Trans Union
        in order to save it money, inevitably leads to inadequate and
        incomplete reinvestigations that violate the requirements of
        FCRA such as what occurred in this case.

## CAUSES OF ACTION

### COUNT ONE
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT,
### 15 U.S.C. § 1681 et seq. AS TO DEFENDANT Trans Union

30.     Defendant Trans Union violated 15 U.S.C. § 1681e(b) by failing to
        establish or to follow reasonable procedures to assure maximum

possible accuracy in the preparation of the credit report and credit files it published and maintained concerning the Plaintiff.

31.   Trans Union violated 15 U.S.C. §1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a reasonable and lawful reinvestigation; by failing to forward all relevant information to IC System; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file and by verifying disputed information that Trans Union could not reasonably verify as accurate rather than deleting that information as is required under 1681i(5).  Trans Union additionally failed to comply with 1681i(B)(7) when it refused to provide Plaintiff with a description of the procedures that Trans Union used to investigate Plaintiff's dispute and also failed to provide the name and address of any business or person that Trans Union contacted when it investigated Plaintiff's dispute.

32.   As a result of this wrongful conduct, as well as the action and inaction on the part of Trans Union, the Plaintiff suffered damage including but not limited to loss of credit, loss of the ability to

purchase and benefit from credit as well as mental anguish and emotional distress, physical pain and anguish, humiliation and embarrassment.

33. Trans Union's conduct was willful, rendering it liable for punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.  In the alternative, Trans Union was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

34. The Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT TWO

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 et seq. AS TO DEFENDANT IC SYSTEM

35. IC System violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by continuing to publish to Trans Union inaccurate information regarding the alleged account; by failing to fully and properly investigate the Plaintiff's dispute of the inaccurate IC System reporting; by failing to review or consider all relevant information regarding same; by failing to accurately respond to Trans Union; and by failing to correctly report results of an accurate investigation to all credit reporting agencies.

36.  After receiving notification from Trans Union about Plaintiff's disputed account, IC System did not contact any third parties other than Trans Union when investigating Plaintiff's dispute. Further, IC System verified the Plaintiff's account to the Trans Union in response to the Plaintiff's dispute it received from Trans Union.

37.  As a result of IC System's wrongful conduct, action and inaction, the Plaintiff suffered damage including but not limited to loss of credit, loss of the ability to purchase and benefit from credit as well as physical, mental and emotional pain and anguish, humiliation and embarrassment.

38.  IC System's conduct, action and inaction constituted willful violations of the FCRA, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by a struck jury pursuant to 15 U.S.C. § 1681n.  In the alternative, IC System negligently violated the FCRA entitling the Plaintiff to recover actual damages under 15 U.S.C. §1681o.

39.  The Plaintiff is entitled to recover costs and attorney's fees from IC System in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o

## COUNT THREE

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT BY DEFENDANT IC SYSTEM

40.   The actions of Defendant IC System and its employees and agents constitute violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., with respect to Plaintiff.

41.   IC System, a debt collector, attempted to collect a debt not owed by Plaintiff and, upon receipt of Plaintiff's dispute of the AT&T U-Verse debt she did not owe, verified the inaccurate AT&T U-Verse debt to Trans Union.

42.   Plaintiff did not owe the AT&T U-Verse debt and was not responsible for paying the debt.

43.   IC System's conduct was in violation of 15 U.S.C § 1692e(2)(A), 1692e(10).

44.   As a result of Defendant IC System's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant IC System.

**WHEREFORE, PREMISES CONSIDERED,**  Plaintiff claims of the

Page 11 of  12

Defendants, jointly and severally, statutory, compensatory and punitive damages, plus interest, costs, reasonable attorney's fees and any such other and further relief as this Court deems proper and/or necessary and as is allowed under FDCPA and FCRA.

## PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.

/s/ *W. Whitney Seals*
W. WHITNEY SEALS,
Attorney for Plaintiff

**OF COUNSEL:**

**COCHRUN & SEALS, LLC**
P. O. Box 10448
Birmingham, AL 35202-0448
T: (205) 323-3900
F: (205) 323-3906
E: filings@cochrunseals.com

**PLAINTIFF'S ADDRESS:**
Sharon Dorsey
c/o Plaintiff's Counsel
P.O. Box 10448
Birmingham, AL 35202-0448

**PLEASE SERVE THE DEFENDANTS BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED TO THE FOLLOWING ADDRESSES:**

**TRANS UNION, LLC**
c/o Prentice Hall Corporation System, Inc.
641 South Lawrence Street
Montgomery, AL 36104

**IC System, Inc.**
c/o C T Corporation System
2 North Jackson St., Suite 605
Montgomery, AL 36104

ELECTRONICALLY FILED
10/18/2022 5:11 PM
08-CV-2022-900123.00
CIRCUIT COURT OF
BLOUNT COUNTY, ALABAMA
CINDY C. MASSEY, CLERK

## IN THE CIRCUIT COURT OF BLOUNT COUNTY, ALABAMA

| | | |
|---|---|---|
| SHARON DORSEY, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NUMBER:** |
| | ) | <u>**JURY TRIAL DEMANDED**</u> |
| TRANS UNION, LLC; | ) | |
| I C SYSTEM, INC.; | ) | |
| | ) | |
| DEFENDANTS. | ) | |

---

### PLAINTIFF'S FIRST SET OF DISCOVERY TO
### DEFENDANT TRANS UNION, LLC

---

**PLEASE TAKE NOTICE** that you are hereby notified and required to respond to the following Interrogatories, Requests for Production and Requests for Admissions propounded by Plaintiff herein, through her attorney of record in accordance with the Federal Rules of Civil Procedure.

You are further placed on notice that these Interrogatories are deemed continuing, requiring supplemental responses thereto in the event requested information becomes available which would require amendment or supplementation of your responses in order that they would be proper and truthful.

## INSTRUCTIONS

In answering these Interrogatories, please furnish all information which is available to you, including, without limitation, all information in the possession of your attorneys, accountants, affiliates, auditors, agents, employees, officers, directors, shareholders, contractors, or other personnel, and not merely such information as is in your possession.

If you cannot respond to any of the following Interrogatories in full, after exercising due diligence to secure information to do so, please so state, and respond to the extent possible, specifying all reasons why you are unable or unwilling to respond to the remainder, stating whatever information you have concerning the unproduced information, and what efforts you made to secure information sufficient to allow you to respond fully to the particular Interrogatory.

Although one or more of the following Interrogatories may not appear to be applicable to or directed to you, please respond to each and every one of them to the extent that you are able to provide any response thereto whether such response consists of information within your own knowledge or what you have obtained from others. However, for every response in which you include information received from others, please provide the name, any known address, and any known phone number of the person from whom you so received such

information.  And, in every such instance please state that you cannot verify

such of your own personal knowledge, identifying particularly the information

for which you cannot vouch.  Further, these Interrogatories contain words or

phrases which require you to refer to the "Definitions" section of this document

provided herein below.

Unless otherwise stated, each Interrogatory pertains to the time period

beginning October, 2020, through the present date.  Thus, your responses should

be fully answered as they pertain to information within that time frame.

Further, each Interrogatory should identify the appropriate time frame, if your

response requires same.

## **DEFINITIONS**

1.      "You" includes TRANS UNION, LLC, the company, entity,

institution, agency, subsidiary(ies), parent corporation(s) and/or any of its

branches, departments, employees, agents, contractual affiliates, or otherwise

connected by legal relationship, in the broadest sense.  "You" includes any of

your sister companies or related entities whether or not separately incorporated.

You may also be referenced herein simply as "Trans Union."

2.      "Document(s)" shall mean and include any printed, typewritten,

handwritten or otherwise recorded matter of whatever character, including

specifically, but not exclusively, and without limiting the generality of the

foregoing, letters, diaries, desk and other calendars, memoranda, telegrams, posters, cables, reports, charts, statistics, envelopes, studies, newspapers, news reports, business records, book of account(s) or other books, ledgers, balance sheets, journals, personal records, personal notes, any piece of paper, parchment, or other materials similarly used with anything written, typed, printed, stamped, engraved, embossed, or impressed upon it, accountants statements, accounting records of any kind, bank statements, minutes of meetings or other minutes, labels, graphics, notes of meetings or conversations or other notes, catalogues, written agreements, checks, announcements, statements, receipts, returns invoices, bills, warranties, advertisements, guarantees, summaries, pamphlets, prospectuses, bulletins, magazines, publications, photographs, work-sheets, computer printouts, telex transmissions or receipts, teletypes, telefaxes, file folders or other folders, tape recordings, and any original or non-identical (whether different from the original by reason of any notation made on such copies or otherwise), carbon, photostatic or photograph copies of such materials. The term "documents" shall also mean and include every other recording of, or means of recording on any tangible form, any form of information, data, communication, or representation, including but not limited to, microfilm, microfiche, any records stored on any form of computer software, audio or video

tapes or discs, digitally recorded disks or diskettes, or any other medium whatsoever.

For each "document" responsive to any request withheld from production by you on the ground of any privilege, please state:

      (a)    The nature of the document (e.g., letter, memorandum, contract, etc.);

      (b)    The author or sender of the document;

      (c)    The recipient of the document;

      (d)    The date the document was authored, sent, and/or received; and,

      (e)    The reason such document is allegedly privileged.

3.  "Plaintiff" refers to Sharon Dorsey.

4.    "Other Defendant" means any Defendant in the above entitled and captioned action.

5.    "Account" means the AT&T U-Verse account or trade line reported by IC System, Inc. that is made the basis of the lawsuit and that was reported by you on Plaintiff's credit report at any time.

6.    "ACDV" means automated consumer dispute verification.

## **INTERROGATORIES**

## **INTERROGATORY NO. 1**:

Identify the names, addresses, and telephone numbers of all persons who

were witness to or who have personal knowledge of any of the facts, events, or matters that are alleged in Plaintiff's complaint, your answer, and/or defenses thereto and describe and explain your understanding of the matters on which the persons named have knowledge. In addition to identifying said individuals as specified in the instructions above, please include the following:

(a)   Please state whether each such person is affiliated with, or related to, or employed by any party (or its agents, servants, officers, or employees) to this lawsuit;

(b)   If any of the persons so listed in response to this interrogatory do not fit the characterization in subpart (a) above, please describe the nature of their involvement in this lawsuit;

(c)   Please explain and describe your understanding of their knowledge of such facts.

**INTERROGATORY NO. 2**:

Please state whether, within the last two years,  you have reported any IC System, Inc. accounts or trade lines related to the Plaintiff and, in connection with your response, please identify the recipients of such reports, the manner reported, the identifying data connected with any such report.

**INTERROGATORY NO. 3**:

If any document responsive to Plaintiff's Request for Production of

Documents to you is withheld from production, identify each such document by date, title, subject matter, length and the request to which it is potentially responsive and state the reason for withholding production, and identify each person to whom the document was sent, shown, or made accessible, or to whom it was explained.

**INTERROGATORY NO. 4**:

For the May 11, 2022 dispute from the Plaintiff concerning a trade line or account reported by IC System, Inc., please describe the process of the reinvestigation and the result of the reinvestigation undertaken by you as set forth below:

(a)     State the date the Plaintiff's dispute was received;

(b)     Describe the policies and procedures utilized for reinvestigating the Plaintiff's dispute including what documents were or should have been consulted or reviewed; what documents were generated as a result of the reinvestigation; and the identities or description of who was involved in any manner with the reinvestigation;

(c)     Please describe in detail whether the above described policies and procedures for reinvestigating the Plaintiff's dispute were followed; what documents were consulted or reviewed in conducting the reinvestigation; what documents were generated as a result of the

reinvestigation; the identities of all persons involved in any manner with processing or handling the dispute and/or making the decision on the reinvestigation; and the result of the reinvestigation.

(d)     Please also identify any and all documents you sent to IC System, Inc. as part of the reinvestigation of Plaintiff's disputed IC System, Inc. account made the basis of this lawsuit.

**INTERROGATORY NO. 5:**

Please list, explain and describe each and every contact or communication you sent to or received from your co-defendants which, in any way, referenced Plaintiff for the two years prior to the lawsuit.  This request would include any GEIS [General Electric Information Services]-based and E-Oscar communications, UDFs, AUDFs, CDVs, ACDVs, tape transfers, system to system transfers, phone calls and other means of communication.

**INTERROGATORY NO. 6:**

Did Trans Union use, hire or otherwise engage the services of any third party in conducting the reinvestigation of Plaintiff's dispute dated May 11, 2022. If so, please identify the name of the company or companies and person or persons who conducted the reinvestigation of Plaintiff's dispute at the direction of or on behalf of Trans Union.

**INTERROGATORY NO. 7:**

Please state the amount of time spent by any Trans Union employee or agent in conducting the reinvestigation of Plaintiff's May 11, 2022 dispute.

**INTERROGATORY NO. 8:**

Please state Trans Union's net worth and also state the net profit made by Trans Union from May 2021 through May 2022.

**INTERROGATORY NO. 9:**

State any and all communications between Trans Union and IC System, Inc. that referenced either Plaintiff or the May 11, 2022 dispute letter between when Trans Union received Plaintiff's dispute letter and when Trans Union sent Plaintiff the results of the reinvestigation.

**INTERROGATORY NO. 10:**

Trans Union's May 24, 2022 letter sent to Plaintiff, bearing file number 425882580, containing the results of Trans Union's reinvestigation stated that The IC Systems information Plaintiff disputed was "VERIFIED AS ACCURATE." Please state specifically how Trans Union verified that the information that Plaintiff disputed was accurate.

**INTERROGATORY NO. 11:**

Please state each and every person or company that Trans Union or its agents or employees contacted in the course of reinvestigating the Plaintiff's May 11, 2022 dispute of the IC System, Inc. trade line. For each and every such

contact, please state:

      a.     The date of the contact;

      b.     The time of the contact;

      c.     The manner or method of the contact;

      d.     The name of the person or company contacted; and

      e.     The contents of any communication with any person or company contacted as part of Trans Union's reinvestigation of Plaintiff's dispute.

## INTERROGATORY NO. 12:

Please state each and every reason why Trans Union refused or failed to provide Plaintiff with a description of the procedures that Trans Union used to investigate Plaintiff's dispute.

## INTERROGATORY NO. 13:

Why did Trans Union write to Plaintiff on August 12, 2022 that it didn't appear that Plaintiff sent her August 1, 2022 to Trans Union?

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    Please produce all documents involving communications between you and IC System, Inc., in which the communication in any way referenced Plaintiff and/or any of Plaintiff's personal identifiers.

2.    Please produce all documents involving or constituting communications between you and the Plaintiff or anyone acting on or purporting to act on the Plaintiff's behalf.

3.     Please produce your policy manuals, procedure manuals, or other documents or videos, which are provided to your employees or independent contractors concerning retention, alteration, correction, reinvestigation, dissemination or disposal of data or placed in any report that were in use and in effect at the time of the incidents made the basis of this lawsuit.

4.     Please produce your contract, documents, manuals or other recorded data, concerning your subscriber relationship with the IC System, Inc. for the three years prior to the lawsuit.

5.     Please produce your documents which evidence, constitute and/or address your policies, procedures and guidelines for reinvestigating consumer disputes, such as Plaintiff's May 11, 2022 dispute, that were in effect at the time of the incidents made the basis of this lawsuit.

6.     Please produce all of your documents evidencing or including data, including but not limited to the personnel files, concerning the names, addresses, telephone numbers, current employers and current whereabouts of each and every one of your employees and/or agents and/or independent contractors who communicated with Plaintiff or who conducted the reinvestigation of the Plaintiff's May 11, 2022 dispute.

7.     Please produce all documents which constitute consumer dispute verification (CDV's or ACDV's), Universal Data correction forms, ACIS cases, relevant frozen scans, correspondence with any consumer reporting agency or data furnisher, data deletion forms, or other documents which request an alteration and/or deletion of data you or any other Defendant, individual or entity had reported about Plaintiff, which contained any one of Plaintiff's personal identifiers.

8.     Please produce a copy of any document including any ACDV sent to or received from IC System, Inc. as a result of or during the reinvestigation of Plaintiff's May 11, 2022 dispute.

9.     If Trans Union used, hired or retained the services of any third-party to conduct the reinvestigation of Plaintiff's May 11, 2022 dispute, please produce a copy of any agreement or contract between Trans Union and that third-party that relates to policies and procedures for handling consumer disputes such as Plaintiff's May 11, 2022 dispute and that states the compensation paid to said

third-party for handling consumer disputes such as Plaintiff's May 11, 2022 dispute.

10.    Please produce any and all documents identified, relied upon or referred to by you in your responses to Plaintiff's interrogatories.

## REQUESTS FOR ADMISSIONS

1.    Admit or deny that you received a letter from Plaintiff dated May 11, 2022.

**RESPONSE:**

2.    Admit or deny that Plaintiff's May 11, 2022 letter to Trans Union disputed the completeness or accuracy of information on her credit report that related to IC System, Inc.

**RESPONSE:**

3.    Admit or deny that Trans Union did not send a copy of Plaintiff's May 11, 2022 dispute letter to IC System, Inc. within five (5) business days of the date that Trans Union received the dispute letter.

**RESPONSE:**

4.    Admit or deny that Trans Union's employees or agents who processed Plaintiff's May 11, 2022 dispute of the IC System, Inc. item on her credit report complied with all relevant Trans Union policies or procedures in and about reinvestigating Plaintiff's May 11, 2022 dispute of the IC System, Inc. item on her credit report.

**RESPONSE:**

5.    Admit or deny that Trans Union is required to comply with the requirements of the Fair Credit Reporting Act when it reinvestigates disputes such as Plaintiff's May 11, 2022 dispute of the IC System, Inc. item on her credit report.

**RESPONSE:**

6.     Admit or deny that Trans Union did not rely on any source of information other than IC System, Inc. in the reinvestigation of Plaintiff's May 11, 2022 dispute.

**RESPONSE:**

_/s/ W. Whitney Seals_
W. WHITNEY SEALS,
Attorney for Plaintiff

**OF COUNSEL:**

**COCHRUN & SEALS, LLC**
P. O. Box 10448
Birmingham, AL 35202-0448
T: (205) 323-3900
F: (205) 323-3906
E: filings@cochrunseals.com

# TO BE SERVED WITH SUMMONS AND COMPLAINT

Case 2:22-cv-01489-GMB   Document 1-1   Filed 11/23/22   Page 29 of 64

ELECTRONICALLY FILED
10/18/2022 5:11 PM
08-CV-2022-900123.00
CIRCUIT COURT OF
BLOUNT COUNTY, ALABAMA
CINDY C. MASSEY, CLERK

## IN THE CIRCUIT COURT OF BLOUNT COUNTY, ALABAMA

| | |
|---|---|
| **SHARON DORSEY,** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NUMBER:** |
| ) | <u>**JURY TRIAL DEMANDED**</u> |
| **TRANS UNION, LLC;** ) | |
| **I C SYSTEM, INC.;** ) | |
| ) | |
| **DEFENDANTS.** ) | |

---

### NOTICE TO TAKE DEPOSITION OF 30(b)(6) CORPORATE REPRESENTATIVE OF DEFENDANT TRANS UNION, LLC

---

Take notice, that the Plaintiff will take the deposition of the following entities or individuals pursuant to Rule 30 of the Federal Rules of Civil Procedure.  The deponent(s) must bring all documents listed in this deposition notice and any attachments, and present the originals of these documents for inspection and copying at the deposition.  The deposition will continue until completed.

DEPONENT:      Corporate Representative(s) of Defendant TRANS UNION, LLC:

DATE:            TBD

TIME:            TBD

PLACE:          TBD

Please note that pursuant to the Rules of Civil Procedure 30(b)(5) & (6), this corporate Defendant must designate an individual to testify as to the following matters:

1.      All allegations of fact stated in the complaint in this lawsuit.

2.      All affirmative defenses asserted by the Defendant.

3.      Whether or not Defendant's credit reporting on the subject account was accurate.

4.      The policies, procedures and practices put in place by the Defendant to ensure that the investigations or reinvestigations initiated by Plaintiff would result in accurate credit reporting relating to Plaintiff.

5.      The definition of "accurate" and "verified" as those terms are used in Defendant's investigation or reinvestigation process.

6.      The nature and content of any records maintained by the Defendant, including archived copies and recorded conversations relating to the investigation or reinvestigation of any trade lines appearing on Plaintiff's credit report.

7.      The number of reinvestigations of credit disputes handled by the Defendant on an annual basis and economic resources attributable to those investigations or reinvestigations.

8.      Any quotas or productivity targets for the Defendant's reinvestigators of credit disputes.

9.      Amount paid to and training provided to the employees or third parties responsible for reinvestigating disputed credit reportings made by the Defendant.

10.     The documents and informational resources (such as access to a telephone or a computer with internet) available to the Defendant's employees or third parties who are responsible for reinvestigating disputed credit reportings made by the Defendant.

11.     The budgetary allocation of resources of the Defendant to reinvestigations of credit reporting disputes.

12.     The existence, nature, and content of any training provided to Defendant's employees or agents conducting reinvestigations.

13.     The nature, purpose, and means by which requests for reinvestigation are received and by which response may be made.

14.     The identity, content, and number of computer systems used to maintain data on consumers, their accounts, collections or applications and the access given to each of those systems.

15.     Scope of Defendant's employees' or third parties retained by Defendant's authority to correct credit reporting errors.

16.     Outsourcing by Defendant of any of the investigation or reinvestigation process to any third party.

17.     The existence and content of any policy or procedure for handling credit reporting reinvestigations.

18.     The documents which are regularly maintained by the Defendant relative to any  investigation or reinvestigation or credit reporting, and the content of those documents relative to the Plaintiff.

19.     The identity of any known witnesses to the allegations of fact stated in the complaint or the affirmative defenses asserted by the Defendant.

20.     The authenticity of any documents identified in any of the disclosures, pleadings, or discovery responses.

21.     The identity and expert credentials of any of the Defendant's employees or witnesses who were involved with or handled Plaintiff's account and/or any investigation or reinvestigation relative to Plaintiff's accounts.

22.     Any communications between the Defendant and the Plaintiff relating to the investigation or reinvestigation of any credit reporting relating to the Plaintiff.

23.     Any releases or waivers signed by the Plaintiff.

24.     Any insurance or bonding carried by the Defendant, which may provide coverage for the allegations in Plaintiff's complaint.

25.     Whether or not the Plaintiff is a consumer as defined by the Fair
        Credit Reporting Act, 15 U.S.C. §§ 1681 *et seq* ("FCRA") at §
        1681a(c).

26.     The existence of, date of and receipt of any disputes from the
        Plaintiff regarding Plaintiff's credit report.

27.     The procedures in place at the Defendant to ensure that false or
        inaccurate information is not reported on any consumer's credit
        report.

28.     Whether or not the Defendant has reported credit information
        relating to any of Plaintiff's personal identifiers including but not
        limited to name, address and social security number.

29.     The time, place, manner, and content of any reporting of credit
        information relating to any of Plaintiff's personal identifiers
        including but not limited to name, address and social security
        number.

30.     The content of each available data field or segment reported
        relating to any of Plaintiff's personal identifiers including but not
        limited to name, address and social security number.

31.     The capability of the Defendant's computer to reproduce records
        of past credit reportings of the Plaintiff.

32.     Whether or not Plaintiff disputed any credit information,
        supplied by the Defendant, which reportings related to any of
        Plaintiff's personal identifiers including but not limited to name,
        address and social security number and the contents of said
        dispute.

33.     The time and form in which any consumer dispute was received
        from Plaintiff or from anyone acting on his behalf or purporting to
        act on his behalf, and the identity of any persons reviewing or
        acting on any dispute.

34.     The time, place, and manner in which any actions were taken in
        response to any such notice of a consumer dispute.

35.     The steps and measures that were taken in the course of
        investigating or reinvestigating any credit information supplied
        by the furnisher, which credit information related to any of
        Plaintiff's personal identifiers including but not limited to name,
        address and social security number.

36.     The content of any information which was used in order to
        investigate or reinvestigate any credit reporting dispute by
        Plaintiff's of credit information supplied by or to the Defendant.

37.     The identity of any individual who participated in or supervised
        any investigation or reinvestigation of a credit reporting dispute
        by Plaintiff's of credit information supplied by or to the
        Defendant.

38.     The existence and nature of the legal relationship between the
        furnisher and this Defendant.

39.     Whether or not the Defendant's actions in relation to its reporting
        of credit data relating to the Plaintiff was willful.

40.     Whether or not this Defendant willfully failed in its duties to
        properly investigate or reinvestigate credit disputes sent by the
        Plaintiff to consumer reporting agencies.

41.     Whether or not the Defendant's actions in investigating or
        reinvestigating its credit reporting relating to the Plaintiff was
        willful.

42.     The motive and intent of the Defendant's actions in relation to its
        reporting and investigation or reinvestigation of the credit
        information relating to Plaintiff's personal identifiers.

43.     Defendant's procedures to comply with § 1681(e) requirements.

44.     The nature of the business relationship between Trans Union any
        third party it may retain to conduct all or part of any
        reinvestigation of any consumer dispute.

45.     The amount of money paid by Trans Union to any third party it
        may retain to conduct all or part of any reinvestigation of any
        consumer dispute to handle consumer dispute investigations.

46.     The extent to which Trans Union provides training to the
        employees of any third party it may retain to conduct all or part
        of any reinvestigation of any consumer dispute.

47.     The extent to which Trans Union audits or otherwise provides
        oversight to the investigations of consumer disputes handled by
        any third party it may retain to conduct all or part of any
        reinvestigation of any consumer dispute.

48.     The ability of any employees of any third party retained by Trans
        Union to access telephones and the internet in conducting their
        investigations of consumer disputes.

49.     Whether or not the employees of any third party who handle
        consumer disputes receive documentation included by consumers
        with their disputes.

50.     The reason(s) why Trans Union verified the IC System account
        disputed by the Plaintiff as accurate.

51.     Whether or not Trans Union or any third party retained by Trans
        Union to conduct the reinvestigation of Plaintiff's dispute
        followed Trans Union's policies and procedures and/or violated
        any provision of the FCRA.

52.     The scope and extent of this Defendant's reinvestigation of
        Plaintiff's dispute.

53.     The identity of any third party or parties contacted by this
        Defendant or its employees or agents in conducting the
        reinvestigation of Plaintiff's dispute.

54.     The information relied upon by this Defendant in verifying the IC
        System, Inc. account disputed by the Plaintiff as accurate.

55.     The amount of time spent by any employee or agent on the
        reinvestigation of Plaintiff's dispute.

56.    The policies and procedures that Trans Union applied to Plaintiff's August 1, 2022 correspondence requesting information relating to the dispute investigation process.

57.    The reason(s) why Trans Union failed or refused to provide Plaintiff with a description of the procedures that Trans Union used to investigate her dispute and the failure or refusal to identify by name and address any entities Trans Union contacted in the course of investigating Plaintiff's dispute.

### DUCES TECUM

**PLEASE TAKE FURTHER NOTICE** that, the designated representative(s) of Defendant must bring the following documents with them to the deposition: All documents responsive to the Request for Production of Documents and documents related to the topics referenced above.


/s/ *W. Whitney Seals*
W. WHITNEY SEALS,
Attorney for Plaintiff


**OF COUNSEL:**
**COCHRUN & SEALS, LLC**
P. O. Box 10448
Birmingham, AL 35202-0448
T: (205) 323-3900
F: (205) 323-3906
E: filings@cochrunseals.com


# TO BE SERVED WITH SUMMONS AND COMPLAINT

ELECTRONICALLY FILED
10/18/2022 5:11 PM
08-CV-2022-900123.00
CIRCUIT COURT OF
BLOUNT COUNTY, ALABAMA
CINDY C. MASSEY, CLERK

## IN THE CIRCUIT COURT OF BLOUNT COUNTY, ALABAMA

| | | |
|---|---|---|
| **SHARON DORSEY,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NUMBER:** |
| | ) | **JURY TRIAL DEMANDED** |
| **TRANS UNION, LLC;** | ) | |
| **I C SYSTEM, INC.;** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |

---

### PLAINTIFF'S FIRST SET OF DISCOVERY TO DEFENDANT IC SYSTEM, INC.

---

**PLEASE TAKE NOTICE** that you are hereby notified and required to respond to the following Interrogatories, Requests for Production and Requests for Admissions propounded by Plaintiff herein, through his attorney of record in accordance with the Alabama Rules of Civil Procedure.

You are further placed on notice that these Interrogatories are deemed continuing, requiring supplemental responses thereto in the event requested information becomes available which would require amendment or supplementation of your responses in order that they would be proper and truthful.

### INSTRUCTIONS

In answering these Interrogatories, please furnish all information which

is available to you, including, without limitation, all information in the possession of your attorneys, accountants, affiliates, auditors, agents, employees, officers, directors, shareholders, contractors, or other personnel, and not merely such information as is in your possession.

If you cannot respond to any of the following Interrogatories in full, after exercising due diligence to secure information to do so, please so state, and respond to the extent possible, specifying all reasons why you are unable or unwilling to respond to the remainder, stating whatever information you have concerning the unproduced information, and what efforts you made to secure information sufficient to allow you to respond fully to the particular Interrogatory.

Although one or more of the following Interrogatories may not appear to be applicable to or directed to you, please respond to each and every one of them to the extent that you are able to provide any response thereto whether such response consists of information within your own knowledge or what you have obtained from others. However, for every response in which you include information received from others, please provide the name, any known address, and any known phone number of the person from whom you so received such information. And, in every such instance please state that you cannot verify such of your own personal knowledge, identifying particularly the information

for which you cannot vouch. Further, these Interrogatories contain words or phrases which require you to refer to the "Definitions" section of this document provided herein below.

Unless otherwise stated, each Interrogatory pertains to the time period beginning October, 2021, through the present date. Thus, your responses should be fully answered as they pertain to information within that time frame. Further, each Interrogatory should identify the appropriate time frame, if your response requires same.

## DEFINITIONS

1.     "You" includes IC SYSTEM, INC., the company, entity, institution, agency, subsidiary(ies), parent corporation(s) and/or any of its branches, departments, employees, agents, contractual affiliates, or otherwise connected by legal relationship, in the broadest sense. "You" includes any of your sister companies or related entities whether or not separately incorporated. You may also be referenced herein simply as "IC System."

2.     "Document(s)" shall mean and include any printed, typewritten, handwritten or otherwise recorded matter of whatever character, including specifically, but not exclusively, and without limiting the generality of the foregoing, letters, diaries, desk and other calendars, memoranda, telegrams, posters, cables, reports, charts, statistics, envelopes, studies, newspapers, news

reports, business records, book of account(s) or other books, ledgers, balance sheets, journals, personal records, personal notes, any piece of paper, parchment, or other materials similarly used with anything written, typed, printed, stamped, engraved, embossed, or impressed upon it, accountants statements, accounting records of any kind, bank statements, minutes of meetings or other minutes, labels, graphics, notes of meetings or conversations or other notes, catalogues, written agreements, checks, announcements, statements, receipts, returns invoices, bills, warranties, advertisements, guarantees, summaries, pamphlets, prospectuses, bulletins, magazines, publications, photographs, work-sheets, computer printouts, telex transmissions or receipts, teletypes, telefaxes, file folders or other folders, tape recordings, and any original or non-identical (whether different from the original by reason of any notation made on such copies or otherwise), carbon, photostatic or photograph copies of such materials. The term "documents" shall also mean and include every other recording of, or means of recording on any tangible form, any form of information, data, communication, or representation, including but not limited to, microfilm, microfiche, any records stored on any form of computer software, audio or video tapes or discs, digitally recorded disks or diskettes, or any other medium whatsoever.

For each "document" responsive to any request withheld from production

by you on the ground of any privilege, please state:

      (a)    The nature of the document (e.g., letter, memorandum, contract, etc.);

      (b)    The author or sender of the document;

      (c)    The recipient of the document;

      (d)    The date the document was authored, sent, and/or received; and,

      (e)    The reason such document is allegedly privileged.

3.  "Plaintiff" refers to Sharon Dorsey.

4.  "Other Defendant" means any other Defendant in the above entitled and captioned action.

5.  "Dispute Letter" refers to Plaintiff's May 11, 2022 dispute letter.

6.  "Account" means the AT&T U-Verse account that IC System was reporting on Plaintiff's credit report that is the basis of this lawsuit.

7.  "ACDV" means automated consumer dispute verification.

## **INTERROGATORIES**

## **INTERROGATORY NO. 1**:

Identify the names, addresses, and telephone numbers of all persons who were witness to or who have personal knowledge of any of the facts, events, or matters that are alleged in Plaintiff's complaint, your answer, and/or defenses thereto and describe and explain your understanding of the matters on which

the persons named have knowledge. In addition to identifying said individuals as specified in the instructions above, please include the following:

    (a)    Please state whether each such person is affiliated with, or related to, or employed by any party (or its agents, servants, officers, or employees) to this lawsuit;

    (b)    If any of the persons so listed in response to this interrogatory do not fit the characterization in subpart (a) above, please describe the nature of their involvement in this lawsuit;

    (c)    Please explain and describe your understanding of their knowledge of such facts.

## INTERROGATORY NO. 2:

Please state whether you have reported the IC System account relating to the Plaintiff to any entity, including, but not limited to, any credit bureau and, in connection with your response, please identify the recipients of such reports, the manner reported, the identifying data connected with the report, and explain and describe the manner and identifiers under which you received the information.

## INTERROGATORY NO. 3:

State all of the facts and describe all actions you took, including, but not limited to, correspondence and communications with any consumer reporting

agency, creditor or potential creditor, or the Plaintiff, with regard to or which in any way references the Plaintiff and/or the IC System Account for the two years prior to the lawsuit.

**INTERROGATORY NO. 4**:

State whether you have reported data on the Plaintiff's consumer reports which is inaccurate and, if so, state why such inaccurate information was placed on his/her/their consumer report(s), state the date(s) such report(s) was (were) issued, to whom the report(s) was (were) issued, and state what you could and should have done to prevent the inaccurate data from being reported on Plaintiff's consumer report(s) for the four years prior to the lawsuit.

**INTERROGATORY NO. 5**:

State your procedures (and identify all documents related thereto) designed to ensure the proper investigation or reinvestigation of disputed consumer data and the overall accuracy of the information in your consumer credit database and consumer reports you issued that was in use and in effect at the time of the incidents made the basis of this lawsuit.

**INTERROGATORY NO. 6:**

With regard to the Plaintiff's dispute letter, dated May 11, 2022, please describe the process of the reinvestigation and the result of the reinvestigation as set forth below:

(a)     List the date Plaintiff's dispute was received from Trans Union;

(b)     List the date IC System responded to the Plaintiff's dispute;

(c)     Describe the policy and procedure for investigating the dispute including what documents are to be consulted or reviewed; what documents are to be generated; and the identities or description of who is to be involved in any manner with making the decisions;

(d)     For Plaintiff's dispute, describe in detail whether the above described policy and procedure for investigating the dispute was followed; what documents were consulted or reviewed; what documents were generated; the identities of all persons involved in any manner with processing or handling the dispute and/or making the decision on the investigation; and the result of the investigation.

(e)     State what documents, if any, were received from Trans Union.

## INTERROGATORY NO. 7:

Please identify or state what information or documents IC System relied upon in conducting the reinvestigation of Plaintiff's May 11, 2022 dispute.

## INTERROGATORY NO. 8:

Please state why IC System confirmed or reported to Trans Union that the Account was accurate and that it belonged to Plaintiff after reinvestigating the Plaintiff's May 11, 2022 dispute.

**INTERROGATORY NO. 9:**

Please identify by name and job title each person at IC System that conducted any part of the reinvestigation of Plaintiff's May 11, 2022 dispute.

**INTERROGATORY NO. 10:**

Please state each and every person or company that IC System or its agents or employees contacted in the course of reinvestigating the Plaintiff's May 11, 2022 dispute of the IC System trade line.  For each and every such contact, please state:

    a.    The date of the contact;

    b.    The time of the contact;

    c.    The manner or method of the contact;

    d.    The name of the person or company contacted; and

    e.    The contents of any communication with any person or company contacted as part of IC System's reinvestigation of Plaintiff's dispute.

**INTERROGATORY NO. 12:**

Did you use, hire or otherwise engage the services of any third party in conducting the reinvestigation of Plaintiff's dispute dated May 11, 2022?  If so, please identify the name of the company or companies and person or persons who conducted the reinvestigation of Plaintiff's dispute at the direction of or on

behalf of IC System.

## **REQUESTS FOR PRODUCTION OF DOCUMENTS**

1.      Please produce all documents involving communications between you and Defendant Trans Union, in which the communication in any way referenced Plaintiff and/or any of Plaintiff's personal identifiers.

2.      Please produce all documents involving or constituting communications between you and the Plaintiff or anyone acting on or purporting to act on the Plaintiff's behalf.

3.      Please produce your policy manuals, procedure manuals, or other documents, which address your policies, practices or procedures in reporting data to credit reporting agencies during each of the years:2021 and 2022.

4.      Please produce your policy manuals, procedure manuals, or other documents, which address your policies, practices or procedures for altering previously reported data during each of the years: 2021 and 2022.

5.      Please produce your policy manuals, procedure manuals, or other documents, which address your policies, practices or procedures for reinvestigating account information disputed by consumers that was in effect at the time of the reinvestigation of Plaintiff's May 11, 2022 dispute.

6.      Please produce your contract, documents, manuals or other recorded data, concerning your subscriber relationships with Trans Union for the three years prior to the lawsuit.

7.      Please produce your documents which evidence, constitute and/or address your policies, procedures and guidelines for handling Consumer Disputes, including but not limited GEIS [General Electric Information Services]-based and E-Oscar communications, UDFs, AUDFs, CDVs, ACDVs, tape transfers, system to system transfers, phone calls,  and other means, by whatever named called, of communication to any other agency, entity, consumer reporting agency or furnisher that were in effect at the time of the reinvestigation of Plaintiff's May 11, 2022 dispute.

8.      Please produce all documents which constitute consumer dispute verification (CDV's and/or ACDV's), Universal Data correction forms,

correspondence with any consumer reporting agency, data deletion forms, or other documents which reference or were generated as a result of Plaintiff's May 11, 2022 dispute.

9.    Please produce your documents and/or correspondence in your, or your attorney's, possession that refer to or relate to any facts which you believe may have any bearing upon this lawsuit or any defenses you have raised in this lawsuit, **<u>excluding communications between you and your attorney(s)</u>**.

10.    Please produce copies of your documents evidencing telephone messages, log books or other regularly maintained records by you which contain information about communications between you and Plaintiff and/or Trans Union that relate to the Plaintiff in this action.

11.    Please produce all documents which refer in any manner to the Plaintiff or any of Plaintiff's account at issue in this case.

12.    Please produce any and all documents identified, relied upon or referred to by you in your responses to Plaintiff's interrogatories.

## REQUESTS FOR ADMISSIONS

1.    Admit or deny that Plaintiff did not owe the Account that IC System was attempting to collect and that IC System reported to Trans Union.

**RESPONSE:**

2.    Admit or deny that IC System wrongly verified to Trans Union the information disputed by Plaintiff in her May 11, 2022 dispute was accurate.

**RESPONSE:**

3.    Admit or deny that IC System's employees or agents who processed Plaintiff's May 11, 2022 dispute of the IC System Collection Service, Inc. item on her credit report complied with all relevant IC System policies or procedures in and about reinvestigating Plaintiff's May 11, 2022 dispute of the IC System Collection Service, Inc. item on her credit report.

**RESPONSE:**

4.    Admit or deny that IC System is required to comply with the requirements of the Fair Credit Reporting Act when it processes disputes such as Plaintiff's May 11, 2022 dispute of the IC System Collection Service, Inc. item on her credit report.

**RESPONSE:**

5.    Admit or deny that IC System did not rely on any source of information other than IC System's own internal records in the reinvestigation of Plaintiff's May 11, 2022 dispute.

**RESPONSE:**

        _/s/ W. Whitney Seals_
        W. WHITNEY SEALS,
        Attorney for Plaintiff

**OF COUNSEL:**

**COCHRUN & SEALS, LLC**
P. O. Box 10448
Birmingham, AL 35202-0448
T: (205) 323-3900
F: (205) 323-3906
E: filings@cochrunseals.com

# TO BE SERVED WITH SUMMONS AND COMPLAINT

ELECTRONICALLY FILED
10/18/2022 5:11 PM
08-CV-2022-900123.00
CIRCUIT COURT OF
BLOUNT COUNTY, ALABAMA
CINDY C. MASSEY, CLERK

## IN THE CIRCUIT COURT OF BLOUNT COUNTY, ALABAMA

| | | |
|---|---|---|
| **SHARON DORSEY,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NUMBER:** |
| | ) | **JURY TRIAL DEMANDED** |
| **TRANS UNION, LLC;** | ) | |
| **I C SYSTEM, INC.;** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |

___

### NOTICE TO TAKE DEPOSITION OF 30(b)(6) CORPORATE REPRESENTATIVE OF DEFENDANT REPRESENTATIVE OF IC SYSTEM, INC.

___

Take notice, that the Plaintiff will take the deposition of the following entities or individuals pursuant to the Rules of Civil Procedure. The deponent(s) must bring all documents listed in this deposition notice and any attachments, and present the originals of these documents for inspection and copying at the deposition. The deposition will continue until completed.

**DEPONENT:** **Corporate Representative(s) of IC System, Inc.**
**DATE:** **TBD**
**TIME:** **TBD**
**PLACE:** **TBD**

Please note that pursuant to the Rules of Civil Procedure 30(b)(5) & (6), this corporate Defendant must designate an individual to testify as to the following matters:

1. The Defendant's investigation into the claims made by Plaintiff in the Complaint.

2. The allegations of the Complaint and any amendments thereto.

3. The details and contents of all Defendant's personnel files of any person who was involved in any collection activities,

reinvestigation or credit reporting related to Plaintiff's alleged account.

4. All documentation methods, if any, whether computerized, manual, or other, of all activities undertaken by the Defendant or its employees or agents related to the collection of account(s) made the basis of Plaintiff's Complaint.

5. Any correspondence between this Defendant and Plaintiff.

6. The factual basis for the Defendant's Answer (and any amendments).

7. The factual basis for the Defendant's defenses and affirmative defenses contained in the Answer (and any amendments).

8. The maintenance of procedures by Defendant to avoid violations of the Fair Credit Reporting Act.

9. All documents produced to Plaintiff by Defendant in the course of this case.

10. All documents referenced or identified in Defendant's initial disclosures or discovery responses.

11. The history, specific details, and resolution of any formal and informal consumer-initiated complaints, Better Business Bureau Complaints, lawsuits, regulatory actions, claims, litigations, mediations, arbitrations, Commerce department actions, or other actions, legal or otherwise, connected to or arising out of Defendants' consumer debt collection activities, in the period from three (3) years prior to the date of this notice to the present.

12. All communications between you and any other Defendant in this case in any way related to Plaintiff.

13. All discovery responses by Defendant to any discovery requests.

14. Whether or not Defendant's credit reportings to the major credit reporting agencies relating to Plaintiff were accurate.

15. Whether or not Plaintiff owes or ever owed money to AT&T U-Verse or to IC System, Inc.

16. The policies, procedures and practices put in place by the Defendant to insure that the investigations or reinvestigations initiated by Plaintiff (whether directly to Defendant or through a CRA) would result in accurate credit reportings relating to Plaintiff.

17. The definition of "accurate" and "verifiable" as those terms are used in Defendant's investigation or reinvestigation process.

18. The nature and content of any records maintained by the Defendant--including archived copies and recorded conversations--relating to the reinvestigation of any trade lines appearing on Plaintiff's credit report.

19. The existence and content of any reports or documents assessing the accuracy or reliability of credit reporting submitted by Defendant including any reports to or by the credit reporting agencies regarding the accuracy and reliability of those reportings.

20. Amount paid to and training provided to the employees responsible for reinvestigating disputed credit reportings made by the Defendant.

21. The documents and informational resources available to the Defendant's employees who are responsible for reinvestigating disputed credit reportings made by the Defendant.

22. The existence, nature, and content of any training provided to Defendant's employees or agents conducting reinvestigations.

23. The nature, purpose, and means by which requests for reinvestigation are received and by which response may be made.

24. Scope of Defendant's employees' authority to correct credit reporting errors.

25.   The existence and content of any policy or procedure for handling credit reporting reinvestigations.

26.   The documents which are regularly maintained by the Defendant relative to any  investigation or reinvestigation or credit reporting, and the content of those documents relative to the Plaintiff.

27.   The identity of any known witnesses to the allegations of fact stated in the complaint or the affirmative defenses asserted by the Defendant.

28.   The identity and credentials of any of the Defendant's employees or witnesses who were involved with or handled Plaintiff's account and/or any investigation or reinvestigation relative to Plaintiff's accounts.

29.   Any communications between the Defendant and the Plaintiff or any other entity or person relating to the investigation or reinvestigation of any credit reporting relating to the Plaintiff.

30.   Any releases or waivers signed by the Plaintiff.

31.   The manner in which the Defendant reports or otherwise furnishes credit information to credit reporting agencies.

32.   The procedures in place at the Defendant to insure that false or inaccurate information is not reported on any consumer's credit report or to any credit reporting agency.

33.   The content of each available data field or segment reported relating to any of Plaintiff's personal identifiers including but not limited to name, address and social security number.

34.   The capability of the Defendant's computer to reproduce records of past credit reportings to consumer reporting agencies.

35.   The policy, practice, and procedure relating to incomplete reporting of the available data fields or segments reported to credit reporting agencies.

36.     Whether Plaintiff disputed any credit information, supplied by the Defendant, which reportings related to any of Plaintiff's personal identifiers including but not limited to name, address and social security number and the contents of said dispute.

37.     Whether or not the Defendant received notice from any consumer reporting agency that Plaintiff disputed any credit information, supplied by the Defendant, which reportings related to any of Plaintiff's personal identifiers including but not limited to name, address and social security number and the contents of said dispute.

38.     The time and form in which any dispute for the Plaintiff either directly or through a credit bureau was received, and the identity of any persons reviewing or acting on it.

39.     The time, place, and any actions taken in response to any notice or dispute from the Plaintiff either directly or through a credit bureau.

40.     The steps and measures that were taken in the course of investigating or reinvestigating any credit information supplied by the Defendant, which credit information related to any of Plaintiff's personal identifiers including but not limited to name, address and social security number.

41.     The content of any information which was used in order to investigate or reinvestigate any credit reporting dispute by Plaintiff of credit information supplied by the Defendant.

42.     The existence and nature of the legal relationship between the Defendant and any consumer reporting agencies to which it reports credit information.

43.     Any conditions under which the Defendant has agreed to make its data available to the any consumer reporting agency to which it reports credit information.

44.     The policy and procedure for when a consumer, such as Plaintiff, disputes that a trade line reported by this Defendant to any of the credit reporting bureaus is the consumer's account.

45.    The policy and procedure upon receipt of documents that support a consumer's dispute such as those provided by Plaintiff to the credit bureaus with Plaintiff's dispute letter in this case.

46.    Any document or other evidence in the Defendant's possession or known to the Defendant that establishes that Plaintiff is indebted to this Defendant in any way or is in any way responsible for the debt involved in this lawsuit.

47.    Policies and procedures that safeguard against collection efforts being directed at consumers who do not owe the debts this Defendant is attempting to collect.

48.    The policies and procedures in use by this Defendant to avoid violations of FDCPA and FCRA.

## DUCES TECUM

**PLEASE TAKE FURTHER NOTICE** that, the designated representative(s) of Defendant must bring the following documents with them to the deposition: All documents responsive to the Request for Production of Documents and documents related to the topics referenced above.

_/s/ W. Whitney Seals_
W. WHITNEY SEALS,
Attorney for Plaintiff

**OF COUNSEL:**
**COCHRUN & SEALS, LLC**
P. O. Box 10448
Birmingham, AL 35202-0448
T: (205) 323-3900
F: (205) 323-3906
E: filings@cochrunseals.com

# TO BE SERVED WITH SUMMONS AND COMPLAINT



AlaFile E-Notice

08-CV-2022-900123.00

To:   WALLACE WHITNEY SEALS
      anita@cochrunseals.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF BLOUNT COUNTY, ALABAMA

SHARON DORSEY V. TRANS UNION, LLC ET AL
08-CV-2022-900123.00

The following complaint was FILED on 10/18/2022 5:11:43 PM

Notice Date:    10/18/2022 5:11:43 PM

CINDY C. MASSEY
CIRCUIT COURT CLERK
BLOUNT COUNTY, ALABAMA
220 SECOND AVENUE EAST
ROOM 208
ONEONTA, AL, 35121

205-625-4153



AlaFile E-Notice

08-CV-2022-900123.00

To:  TRANS UNION, LLC
     PRENTICE HALL CORPORATION
     641 SOUTH LAWRENCE STREET
     MONTGOMERY, AL, 36104

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BLOUNT COUNTY, ALABAMA

SHARON DORSEY V. TRANS UNION, LLC ET AL
08-CV-2022-900123.00

The following complaint was FILED on 10/18/2022 5:11:43 PM

Notice Date:    10/18/2022 5:11:43 PM

CINDY C. MASSEY
CIRCUIT COURT CLERK
BLOUNT COUNTY, ALABAMA
220 SECOND AVENUE EAST
ROOM 208
ONEONTA, AL, 35121

205-625-4153



AlaFile E-Notice

08-CV-2022-900123.00

To:  IC SYSTEM, INC.
C T CORPORATION SYSTEM
2 N JACKSON ST, STE. 605
MONTGOMERY, AL, 36104

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF BLOUNT COUNTY, ALABAMA

SHARON DORSEY V. TRANS UNION, LLC ET AL
08-CV-2022-900123.00

The following complaint was FILED on 10/18/2022 5:11:43 PM

Notice Date:     10/18/2022 5:11:43 PM

CINDY C. MASSEY
CIRCUIT COURT CLERK
BLOUNT COUNTY, ALABAMA
220 SECOND AVENUE EAST
ROOM 208
ONEONTA, AL, 35121

205-625-4153

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>08-CV-2022-900123.00 |
|---|---|---|

### IN THE CIRCUIT COURT OF BLOUNT COUNTY, ALABAMA
### SHARON DORSEY V. TRANS UNION, LLC ET AL

**NOTICE TO:** TRANS UNION, LLC, PRENTICE HALL CORPORATION 641 SOUTH LAWRENCE STREET, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), WALLACE WHITNEY SEALS ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: PO BOX 10448, BIRMINGHAM, AL 35202 .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of SHARON DORSEY

*[Name(s)]*

pursuant to the Alabama Rules of the Civil Procedure.

| 10/18/2022 | /s/ CINDY C. MASSEY | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.     /s/ WALLACE WHITNEY SEALS

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____ .

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____

in _____ County,

*(Name of Person Served)*     *(Name of County)*

Alabama on _____ .

*(Date)*

_____     _____     _____

*(Type of Process Server)*     *(Server's Signature)*     *(Address of Server)*

_____

*(Server's Printed Name)*     *(Phone Number of Server)*

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>08-CV-2022-900123.00 |
| --- | --- | --- |

**IN THE CIRCUIT COURT OF BLOUNT COUNTY, ALABAMA**
**SHARON DORSEY V. TRANS UNION, LLC ET AL**

**NOTICE TO:** IC SYSTEM, INC., C T CORPORATION SYSTEM 2 N JACKSON ST, STE. 605, MONTGOMERY, AL 36104

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), WALLACE WHITNEY SEALS                                                                                                  ,

*[Name(s) of Attorney(s)]*

WHOSE ADDRESS(ES) IS/ARE: PO BOX 10448, BIRMINGHAM, AL 35202                                           .

*[Address(es) of Plaintiff(s) or Attorney(s)]*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL**
**PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of SHARON DORSEY
pursuant to the Alabama Rules of the Civil Procedure.                                           *[Name(s)]*

| 10/18/2022 | /s/ CINDY C. MASSEY | By: |
| --- | --- | --- |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.          /s/ WALLACE WHITNEY SEALS
*(Plaintiff's/Attorney's Signature)*

# RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on _____.
*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to _____
_____ in _____ County,
*(Name of Person Served)*                *(Name of County)*

Alabama on _____.
*(Date)*

_____     _____          _____
*(Type of Process Server)*          *(Server's Signature)*                *(Address of Server)*

_____          _____
*(Server's Printed Name)*                *(Phone Number of Server)*

# U.S. Postal Service™
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com* .

# OFFICIAL USE

Certified Mail Fee

$

Extra Services & Fees *(check box, add fee as appropriate)*

☐ Return Receipt (hardcopy)          $ _____

☐ Return Receipt (electronic)        $ _____

☐ Certified Mail Restricted Delivery $ _____

☐ Adult Signature Required           $ _____

☐ Adult Signature Restricted Delivery $ _____

Postage

$

Total Postage and Fees

$

Sent To  *IC Systems Inc.*

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

**FILED**

Postmark
OCT   Here   2022

CINDY C. MASSEY
Clerk of the Court
Blount County, AL

PS Form 3800, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions

7021 1970 0001 8256 7956

MENT 9

# U.S. Postal Service™
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com*

OFFICIAL FILED

Certified Mail Fee

$

Extra Services & Fees *(check box, add fee as appropriate)*

☐ Return Receipt (hardcopy)           $ _____
☐ Return Receipt (electronic)          $ _____
☐ Certified Mail Restricted Delivery   $ _____
☐ Adult Signature Required             $ _____
☐ Adult Signature Restricted Delivery  $ _____

Postage

$

Total Postage and Fees

$

Sent To *Trans Union*

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

OCT 19 2022
Postmark
Here

CINDY C. MASSEY
Clerk of the Court
Blount County, AL

7021 1970 0001 8256 7944

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent ☐ Addressee

B. Received by *(Printed Name)*     C. Date of Delivery

Hayleigh Ferguson    10/24/22

FILED

1. Article Addressed to:

IC Systems Inc
CT Corp. Systems
2 N Jackson St, Ste
Montgomery, Al 36104

OCT 2

CINDY C. MASSEY
Clerk of the Court
Blount County, AL

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

CV22-900123

3. Service Type
- ☐ Adult Signature
- ☐ Adult Signature Restricted Delivery
- ☐ Certified Mail®
- ☐ Certified Mail Restricted Delivery
- ☐ Collect on Delivery
- ☐ Collect on Delivery Restricted Delivery
- ☐ Insured Mail
- ☐ Insured Mail Restricted Delivery

- ☐ Priority Mail Express®
- ☐ Registered Mail™
- ☐ Registered Mail Restricted Delivery
- ☐ Signature Confirmation™
- ☐ Signature Confirmation Restricted Delivery

9590 9402 7800 2152 0085 68

7021 1970 0001 8256 7956

PS Form **3811**, July 2020 PSN 7530-02-000-9053     Domestic Return Receipt



AlaFile E-Notice

08-CV-2022-900123.00

Judge: STEVEN D KING

To:  SEALS WALLACE WHITNEY
anita@cochrunseals.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF BLOUNT COUNTY, ALABAMA

SHARON DORSEY V. TRANS UNION, LLC ET AL
08-CV-2022-900123.00

The following matter was served on 10/24/2022

D002 IC SYSTEM, INC.
Corresponding To
CERTIFIED MAIL

CINDY C. MASSEY
CIRCUIT COURT CLERK
BLOUNT COUNTY, ALABAMA
220 SECOND AVENUE EAST
ROOM 208
ONEONTA, AL, 35121

205-625-4153

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Trans Union, LLC
Prentice Hall Corp.
641 S. Lawrence St.
Montgomery, Al 36104

9590 9402 7800 2152 0085 75

2. Article Number *(Transfer from service label)*

7021 1970 0001 8256 7949

PS Form **3811**, July 2020 PSN 7530-02-000-9053

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
*Kelly Webster*
☑ Agent
☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery
10-24-22

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

CV22-900123

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt



AlaFile E-Notice

08-CV-2022-900123.00

Judge: STEVEN D KING

To:  SEALS WALLACE WHITNEY
anita@cochrunseals.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF BLOUNT COUNTY, ALABAMA

SHARON DORSEY V. TRANS UNION, LLC ET AL
08-CV-2022-900123.00

The following matter was served on 10/24/2022

D001 TRANS UNION, LLC
Corresponding To
CERTIFIED MAIL

CINDY C. MASSEY
CIRCUIT COURT CLERK
BLOUNT COUNTY, ALABAMA
220 SECOND AVENUE EAST
ROOM 208
ONEONTA, AL, 35121

205-625-4153