UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **SHARON DORSEY,** | ) |
| | ) |
| **PLAINTIFF,** | ) |
| | ) |
| v. | )   2:22-cv-01489-ACA |
| | ) |
| **TRANS UNION, LLC, and I.C.** | ) |
| **SYSTEM, INC.** | ) |
| | ) |
| **DEFENDANTS.** | ) |

## AMENDED COMPLAINT

**COMES NOW** the Plaintiff, **SHARON DORSEY**, by and through her undersigned counsel, and for her complaint against Defendants states as follows:

### PRELIMINARY STATEMENT

This is an action for actual, statutory and punitive damages, costs and attorneys' fees brought pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681, *et seq.* and the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. §1692, *et seq.*

### STATEMENT OF THE PARTIES

1. Plaintiff, **SHARON DORSEY**, is over the age of nineteen (19) years

and is a resident of the city of Remlap in Blount County, Alabama.

2. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

3. Defendant TRANS UNION, LLC. (hereinafter "Trans Union") is a Delaware limited liability company with its principal place of business in Illinois. Trans Union does and has, at all pertinent times, done business in the State of Alabama and in Blount County.

4. Trans Union is a nationwide consumer reporting agency as that term is defined by 15 U.S.C. §1681a(f).

5. Defendant IC SYSTEM, INC. (hereinafter "IC System") is a corporation formed under the laws of the State of Minnesota with a principal place of business in the State of Minnesota. IC System does and has, at all pertinent times, done business in this district.

6. Plaintiff asserts that Defendant IC System is a debt collector as defined by the Fair Debt Collection Practices Act at 15 U.S.C. §1692(a)(6).

7. As part of its debt collection business, IC System furnishes consumer credit information to credit reporting agencies such as Defendant Trans Union.

8. Upon information and belief, Defendant Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers, such as Plaintiff, for the purpose of furnishing consumer reports as defined in 15 U.S.C. §1681a(f) to third parties.

9. Upon information and belief Trans Union disburses consumer reports to third parties for monetary compensation.

10. All events herein occurred in Blount County, Alabama.

### STATEMENT OF FACTS

11. Plaintiff moved to her current home in 2018. She applied for phone and internet service with AT&T. Specifically Plaintiff attempted to get AT&T's U-Verse product.

12. Unfortunately, AT&T did not offer U-Verse in Plaintiff's area and could not provide U-Verse service to her home.

13. Despite being unable to provide U-Verse service to Plaintiff, AT&T sent Plaintiff's bills for U-Verse service. Again, U-Verse was a service AT&T did *not* offer in Plaintiff's area and was not available to Plaintiff.

14. Despite not owing AT&T any money for U-Verse service since she

never received U-Verse because it was unavailable in her area, AT&T placed a debt for U-Verse services in the amount of $151.33 for collections with Defendant IC System.

15. IC System reported the debt as being owed to "ATT U VERSE" and in collection status to Trans Union on or about December 28, 2020.

16. Plaintiff learned that this inaccurate U-Verse debt that she did not owe was being reported by Trans Union.

17. **On or about March 3, 2021, Plaintiff contacted ICS regarding a debt settlement letter she received from ICS. During that phone conversation Plaintiff disputed that she owed any part of the debt ICS was attempting to collect for AT&T U-Verse and explained that she never received U-Verse services. Plaintiff was told by ICS that ICS did not credit report debts which was false and that ICS would mark the debt as "disputed."**

18. **On or about November 1, 2021, ICS called the Plaintiff in an attempt to collect the U-Verse debt. Plaintiff again explained that she did not owe the debt because U-Verse was not available at her address.**

### *FIRST DISPUTE LETTER*

19. On or about May 11, 2022, Plaintiff sent Trans Union a dispute letter by certified mail that disputed the accuracy of the U-Verse debt being reported to Trans Union by IC System.

### *RESULTS OF TRANS UNION'S REINVESTIGATION*

20. Trans Union responded to Plaintiff's May 11, 2022, dispute letter on May 24, 2022.

21. Despite never owing IC System or AT&T U-Verse any money since she was unable to even receive the U-Verse service, Trans Union, after conducting an investigation, Trans Union updated the information being reported but otherwise verified the inaccurate information being reported to it by IC System that Plaintiff disputed.

22. Trans Union's investigation results letter to the Plaintiff contained the following invitation: "Should you wish to receive the above description of the procedures we used to investigate your dispute in a separate communication for your records, please contact Trans Union."

## PLAINTIFF'S REQUEST FOR PROCEDURES USED BY TRANS UNION IN INVESTIGATING HER DISPUTE

23. Dissatisfied with Trans Union's investigation results, Plaintiff wrote to Trans Union on August 1, 2022, and requested a description of the procedures that Trans Union used to investigate her dispute and also asked for the name and address of any business or person that Trans Union contacted when it investigated her dispute.

24. In response, on August 12, 2022, Trans Union sent Plaintiff a letter that said it received her letter but that "it didn't appear that you or a properly authorized third party sent it to us." The letter went on to explain requirements of third parties such as credit repair companies or "credit clinics."

25. Plaintiff did not retain or engage a credit repair company or credit clinic.

26. Trans Union's August 12, 2022, letter failed to provide a description of the procedures that Trans Union used to investigate Plaintiff's dispute and also failed to provide the name and address of any business or person that Trans Union contacted when it investigated Plaintiff's dispute.

27. Despite Plaintiff's dispute and the evidence provided, Trans Union failed to conduct a reasonable reinvestigation as requested by the Plaintiff and as required by FCRA. Upon information and belief Trans Union failed to contact any third parties or other entities other than IC System which simply confirmed the inaccurate information in its internal records that Plaintiff disputed.

28. At no point did Trans Union contact Plaintiff and tell her that it had insufficient information to conduct a reasonable investigation of her dispute or that her dispute was of a legal nature rather than a factual nature and as such could not reasonably be investigated. Instead, rather than conduct any sort of meaningful investigation itself, Trans Union simply "parroted" what IC System told it regarding the debt, namely to verify the inaccurate information already being reported.

29. This inaccurate information negatively reflects on Plaintiff, her financial responsibility as a debtor and her credit worthiness. As a result of the inaccurate and harmful information being reported, Plaintiff has been denied credit.

30. Upon information and belief, despite the requirements of the Fair Credit Reporting Act, Trans Union does not itself conduct

reinvestigations of consumer disputes such as Plaintiff's, but rather outsources its legal duty to conduct reasonable reinvestigations of consumer disputes to a third-party entity located overseas.

31. This system, which was intentionally put in place by Trans Union in order to save it money, inevitably leads to inadequate and incomplete reinvestigations that violate the requirements of FCRA such as what occurred in this case.

## CAUSES OF ACTION

### COUNT ONE
### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 et seq. AS TO DEFENDANT Trans Union

32. Defendant Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintained concerning the Plaintiff.

33. Trans Union violated 15 U.S.C. §1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a reasonable and lawful reinvestigation; by failing to forward all relevant information to IC System; by failing to maintain reasonable procedures with which to

filter and verify disputed information in the Plaintiff's credit file and by verifying disputed information that Trans Union could not reasonably verify as accurate rather than deleting that information as is required under 1681i(5). Trans Union additionally failed to comply with 1681i(B)(7) when it refused to provide Plaintiff with a description of the procedures that Trans Union used to investigate Plaintiff's dispute and also failed to provide the name and address of any business or person that Trans Union contacted when it investigated Plaintiff's dispute.

34. As a result of this wrongful conduct, as well as the action and inaction on the part of Trans Union, the Plaintiff suffered damage including but not limited to loss of credit, loss of the ability to purchase and benefit from credit as well as mental anguish and emotional distress, physical pain and anguish, humiliation and embarrassment.

35. Trans Union's conduct was willful, rendering it liable for punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n. In the alternative, Trans Union was negligent, entitling the Plaintiff to recover under 15 U.S.C. § 1681o.

36. The Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT TWO

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. § 1681 et seq. AS TO DEFENDANT IC SYSTEM

37. IC System violated the Fair Credit Reporting Act, 15 U.S.C. § 1681s-2(b) by continuing to publish to Trans Union inaccurate information regarding the alleged account; by failing to fully and properly investigate the Plaintiff's dispute of the inaccurate IC System reporting; by failing to review or consider all relevant information regarding same; by failing to accurately respond to Trans Union; and by failing to correctly report results of an accurate investigation to all credit reporting agencies.

38. After receiving notification from Trans Union about Plaintiff's disputed account, IC System did not contact any third parties other than Trans Union when investigating Plaintiff's dispute. Further, IC System verified the Plaintiff's account to the Trans Union in response to the Plaintiff's dispute it received from Trans Union.

39. As a result of IC System's wrongful conduct, action and inaction, the Plaintiff suffered damage including but not limited to loss of credit, loss of the ability to purchase and benefit from credit as well as physical, mental and emotional pain and anguish, humiliation and embarrassment.

40. IC System's conduct, action and inaction constituted willful violations of the FCRA, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by a struck jury pursuant to 15 U.S.C. § 1681n.  In the alternative, IC System negligently violated the FCRA entitling the Plaintiff to recover actual damages under 15 U.S.C. §1681o.

41. The Plaintiff is entitled to recover costs and attorney's fees from IC System in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o

### COUNT THREE

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT BY DEFENDANT IC SYSTEM

42. The actions of Defendant IC System and its employees and agents constitute violations of the Fair Debt Collection Practices Act

("FDCPA"), 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

43. IC System, a debt collector, attempted to collect a debt not owed by Plaintiff and, upon receipt of Plaintiff's dispute of the AT&T U-Verse debt she did not owe, verified the inaccurate AT&T U-Verse debt to Trans Union.

44. Plaintiff did not owe the AT&T U-Verse debt and was not responsible for paying the debt.

45. IC System's conduct was in violation of 15 U.S.C § 1692e(2)(A), 1692e(10) **as well as 1692d**.

44. As a result of Defendant IC System's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant IC System.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff claims of the Defendants, jointly and severally, statutory, compensatory and punitive damages, plus interest, costs, reasonable attorney's fees and any such other and further relief as this Court deems proper and/or necessary and as is allowed under FDCPA and

FCRA.

## **PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**

/s/ *W. Whitney Seals*
W. WHITNEY SEALS,
Attorney for Plaintiff

**OF COUNSEL:**
**COCHRUN & SEALS, LLC**
P. O. Box 10448
Birmingham, AL 35202-0448
T: (205) 323-3900
F: (205) 323-3906
E: filings@cochrunseals.com

## CERTIFICATE OF SERVICE

I hereby certify on June 22, 2023, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following;

| | |
|---|---|
| Matthew W. Robinett, Esq. | M Brent Yarborough, Esq. |
| Chris Weaver, Esq. | **WAURICE WUTSCHER, LLP** |
| **NORMAN, WOOD, KENDRICK & TURNER** | 420 North 20th Str, Ste 2200 |
| Ridge Park Place, Suite 3000 | Birmingham, AL 35203 |
| 1130 22nd Street South | T: (205) 451-0389 |
| Birmingham, AL 35205 | E: byarborough@mauricewutscher.com |
| T: (205) 328-6643 | ***Counsel for I C System Inc.*** |
| F: (205) 251-5479 | |
| E: mrobinett@nwkt.com | |
| E: cweaver@nwkt.com | |
| ***Attorneys for Defendant*** | |
| ***Trans Union LLC*** | |

and I hereby certified that I have mailed the foregoing document by U.S. Mail, postage prepaid, to the following non-CM/ECF participants:   NONE.

/s/W. Whitney Seals
OF COUNSEL
