# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **SHARON DORSEY,** ) | |
| ) | |
| **PLAINTIFF,** ) | |
| ) | |
| v. ) | **2:22-cv-01489-ACA** |
| ) | |
| **TRANS UNION, LLC, and I.C.** ) | **OPPOSED** |
| **SYSTEM, INC.** ) | |
| ) | |
| **DEFENDANTS.** ) | |

## MOTION TO EXTEND DISCOVERY DEADLINE

**COMES NOW**, the Plaintiff requests this Court enter an Order extending the current discovery deadline of August 31, 2023, to allow Plaintiff to conduct one short deposition of a representative of Trans Union, LLC, formerly a party to this lawsuit. As grounds, Plaintiff states as follows:

1. The current discovery deadline is August 31, 2023, [Doc. 14].

2. On August 18, 2023, Plaintiff deposed a corporate representative from Defendant IC Systems, Inc. (hereinafter "ICS").

3. During the deposition, ICS's corporate representative testified that ICS never received a copy of the letter that Plaintiff sent to Trans Union, LLC, a credit reporting agency, disputing the information ICS

was reporting about an account allegedly belonging to Plaintiff.

4. Immediately following the deposition on August 18, 2023, Plaintiff contacted counsel for former Defendant Trans Union to discuss deposing a Trans Union corporate representative only on the issue as to whether or not Trans Union sent a copy of the dispute letter to ICS.

5. Counsel for Trans Union contacted Plaintiff's counsel by email on August 24, 2023, and informed counsel that Trans Union would resist any deposition subpoena.

6. That same day, August 24, 2023, Plaintiff's counsel contacted counsel for ICS and asked if ICS opposed a Motion for Extension of the Discovery Deadline in the event such a Motion needed to be filed.

7. On August 25, 2023, ICS's counsel informed Plaintiff's counsel that ICS did oppose such a motion.

8. In an effort to avoid filing a Motion for Extension of the Discovery Deadline, Plaintiff's counsel served a deposition subpoena on Trans Union's counsel, with the consent of Trans Union's counsel, setting the deposition for August 31, 2023, at 2:00 p.m. C.S.T. via Zoom or by telephone.

9. Plaintiff's counsel communicated to Trans Union's counsel as well as ICS's counsel that the rationale for setting the deposition at that date

and time was to give Trans Union as much time as possible to secure a witness to sit for what would likely be a 15-30 minute deposition. Further Plaintiff's counsel informed Trans Union's counsel that Plaintiff's counsel would make themselves available at any time for said deposition so long as it occurred prior to August 31, 2023.

10. On August 28, 2023, at 5:20 p.m., Trans Union's counsel informed Plaintiff's counsel by email that neither he nor his client were available for the deposition on August 31, 2023, and were not available prior to August 31, 2023.

11. Plaintiff's counsel and Trans Union's counsel have spoken by telephone today in an effort to resolve this matter and to get dates in September 2023, to conduct this short deposition.

12. Plaintiff is aware that this Court's Scheduling Order [Doc. 14] states that any motions requesting an extension of the discovery deadline must be filed at least a week prior to the discovery deadline. However, Plaintiff has made reasonable efforts to obtain the requested discovery prior to the discovery cut off of August 31, 2023, and has appropriately and timely issued a subpoena for the requested deposition prior to the discovery deadline.

13. Counsel for ICS has not indicated that they are not available at the

date and time on the deposition subpoena.

14. This motion is being filed solely because Trans Union's counsel informed Plaintiff's counsel yesterday evening that neither he, nor Trans Unions, are available prior to the discovery deadline.

15. Plaintiff respectfully requests this Court enter an Order extending the discovery cut off until September 30, 2023, in order to allow Plaintiff to take the deposition of a corporate representative of Trans Union on the issue of whether or not Trans Union sent Plaintiff's dispute letter to ICS as part of the dispute investigation process under the Fair Credit Reporting Act. Plaintiff does not request to conduct any discovery other than the short deposition of a representative of Trans Union only on the limited issue as to whether or not Trans Union sent a copy of the dispute letter to ICS as part of the reinvestigation process at issue in this lawsuit.

Respectfully submitted August 29, 2023.

        /s/ *W. Whitney Seals*
        W. WHITNEY SEALS,
        Attorney for Plaintiff

**OF COUNSEL:**
**COCHRUN & SEALS, LLC**
P. O. Box 10448
Birmingham, AL 35202-0448
T: (205) 323-3900
F: (205) 323-3906
E: filings@cochrunseals.com

## CERTIFICATE OF SERVICE

I hereby certify on August 29, 2023, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following;

| | |
|---|---|
| M Brent Yarborough, Esq. | Dale T. Golden, Esq. |
| **WAURICE WUTSCHER, LLP** | **GOLDEN SCAZ GAGAIN, PLLC** |
| 420 North 20th Str, Ste 2200 | 1135 Marbella Plaza Drive |
| Birmingham, AL 35203 | Tampa, FL 33619 |
| T: (205) 451-0389 | T: (813) 251-5500 |
| E: byarborough@mauricewutscher.com | F: (813) 251-3675 |
| | E: dgolden@gsgfirm.com |
| *and* | *Attorneys for I C System Inc.* |

and I hereby certified that I have mailed the foregoing document by U.S. Mail, postage prepaid, to the following non-CM/ECF participants:

NONE.

_____
OF COUNSEL