**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
CENTRAL DIVISION**

**CASE NO.: 2:22-cv-01489-GMB**

**SHARON DORSEY,**

     **Plaintiff,**

**v.**

**TRANS UNION, LLC,
I.C. SYSTEM, INC.,**

     **Defendants.**

_____/

## <u>DECLARATION OF BARBARA HAUKE</u>

On this 7th day of November, 2023, I, Barbara Hauke, declare under penalty of perjury, as provided for by the laws of the United States, 28 U.S.C. § 1746, that the following statements are true and correct:

1.    My legal name is Barbara Hauke.

2.    I am over the age of 18 and am otherwise competent to make this Declaration.

3.    I am a Consumer Financial Representative for Defendant I.C. System, Inc. ("IC") and have held this position since February 15, 2021.

4.    The information contained in this Declaration is based upon my personal knowledge gained through my employment with IC, as well as my review of relevant business records and the specific electronic information and data related to the account at issue in this litigation.

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
EXHIBIT 3**

5.      IC documents reviewed in preparation of this Declaration were made in the regular course of IC's business and it was in the regular course of IC's business to make such records within a reasonable time of the transactions or occurrences reflected in the documents.

6.      I joined IC as a Consumer Financial Representative on February 15, 2021, and I am still employed in that capacity.

7.      Before communicating with any account holders, I completed IC's New Hire Collection Training program as well as client-specific onboarding.

8.      IC's New Hire Collection Training program was a 15-day program which included curriculum related to topics such as professional communication, call role play, the credit reporting process, dispute training, client specific training, job shadowing, mock call prep, live calling, a disputes seminar, and Credit Report Training.

9.      This training included, but was not limited to, education about IC's Dispute Handling Policy, which was to handle all disputes in accordance with applicable law and to strive to address the consumer's dispute to his or her satisfaction. If an accountholder verbally disputes an account, the account should be updated with a dispute event code in IC's system. Placing an account in a dispute event will automatically trigger the dispute flag on the account. Anytime an account is flagged with a dispute, if the account is credit reported, the updated dispute code will trigger IC's system to communicate the dispute information to the credit reporting agencies and to notify the creditor of the dispute. The account must

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
EXHIBIT 3**

continue to be marked as a disputed account until the accountholder no longer disputes the account or requests that the dispute is removed. *See*, **EXHIBIT A** – IC's Dispute Handling Policy.

10.    This training also included, but was not limited to, education about IC's Accurate Credit Reporting Information Policy, which was to provide accurate and timely information to the credit reporting agencies and to regularly audit the information provided to detect any defects or deficiencies. IC investigates every consumer dispute to ensure the accuracy of the consumer account information it receives from its clients and that may be reported to the CRAs. Upon receipt of an ACDV, it is IC's policy to conduct a reasonable investigation under all circumstances with respect to the disputed information, review all relevant information provided by the credit reporting agencies, and report the results of the investigation to the credit reporting agencies. If the investigation finds the information is incomplete or inaccurate, IC will report those results to all other credit reporting agencies to which IC provided the information. If an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation, for purposes of reporting to the credit reporting agencies only, based on the results of the investigation, IC will promptly modify the item of information, delete that item of information, or permanently block the reporting of that item of information. All related IC personnel are subject to this policy and any employee found to have violated this policy may be subject to disciplinary action, up

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
**EXHIBIT 3**

to and including termination based on the disciplinary action guidelines. *See*,

**EXHIBIT B** – IC's Accurate Credit Reporting Information Policy.

11.     When I was hired, I was assigned to IC's "national telco team," which was dedicated to the collection of certain telecommunication-provider accounts, including ATT U-Verse ("ATT") and I received client specific onboarding prior to communicating with any account holders.

12.     My client-specific onboarding included, but was not limited to, understanding the credit reporting process for each of IC's clients in the "telco pool," including ATT's credit reporting procedure. In accordance with ATT's credit reporting procedures, it was IC's policy to use credit bureau reporting on accounts, like the Plaintiff's ATT account.

13.     On March 3, 2021, I spoke with an individual who called from (205) 601-███ and identified herself as Sharon Dorsey. *See*, **EXHIBIT C** – Transcript of Call Recording dated March 3, 2021. During the call, Ms. Dorsey verbally disputed owing the ATT account. After the call, and in accordance with my training and IC policies, I updated IC's account notes to summarize the call and updated the ATT account with a dispute code event in IC's system, which automatically triggered a dispute flag on the account. Since the credit reported ATT account had been updated with a dispute code event, on or about March 7, 2021, the credit reporting on the ATT account was automatically updated by IC's system to communicate to Experian, Innovis, and TransUnion that the ATT account was disputed by the Plaintiff.

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
**EXHIBIT 3**

14.    Unfortunately, while speaking with the Plaintiff Sharon Dorsey on March 3, 2021, I made a mistake and told Ms. Dorsey that IC does "not report [ATT accounts] to the credit bureau. AT&T reports. [IC does] not report anything like that." *See*, **EXHIBIT C** – Transcript of Call Recording dated March 3, 2021 at p. 10.

15.    On October 6, 2021, IC received notice through the e-Oscar system that the Plaintiff Sharon Dorsey had initiated a dispute of IC's credit reporting, i.e., an Automated Credit Dispute Verification form ("ACDV"), from TransUnion reflecting an e-Oscar code of "010" which means "claims paid" and of "111" which means "company will delete."

16.    I investigated the disputed information and based upon the results of my investigation, verified the accuracy of IC's credit reporting.


Executed on this 7th day of November, 2023.

*Barbara Hauke*
Barbara Hauke

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
**EXHIBIT 3**



| Functional Area | Operations | Document Version | 10.0 |
|---|---|---|---|
| Original Approval | 8/6/2012 | Last Reviewed | 05/17/2022 |
| Approval Authority | Chief Compliance Officer | Maintenance POC | Legal |
| IC System Index Number | 8.40.10.0 | Required Reviews | Q2 - Annual |

## Dispute Handling Policy

**PURPOSE:**

CONFIDENTIAL AND PROPRIETARY | PROPERTY OF IC SYSTEM, INC.
Reproduction or dissemination of this document and information in parts or whole without authorization is prohibited.
CONFIDENTIAL



| Functional Area | Operations | Document Version | 10.0 |
|---|---|---|---|
| Original Approval | 8/6/2012 | Last Reviewed | 05/17/2022 |
| Approval Authority | Chief Compliance Officer | Maintenance POC | Legal |
| IC System Index Number | 8.40.10.0 | Required Reviews | Q2 - Annual |

CONFIDENTIAL AND PROPRIETARY | PROPERTY OF IC SYSTEM, INC.
Reproduction or dissemination of this document and information in parts or whole without authorization is prohibited.
CONFIDENTIAL



| Functional Area | Operations | Document Version | 10.0 |
|---|---|---|---|
| Original Approval | 8/6/2012 | Last Reviewed | 05/17/2022 |
| Approval Authority | Chief Compliance Officer | Maintenance POC | Legal |
| IC System Index Number | 8.40.10.0 | Required Reviews | Q2 - Annual |

**PROCEDURE:**

*CONFIDENTIAL AND PROPRIETARY | PROPERTY OF IC SYSTEM, INC.*
*Reproduction or dissemination of this document and information in parts or whole without authorization is prohibited.*

CONFIDENTIAL

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**   ICS-028
**EXHIBIT 3-A**



| Functional Area | Operations | Document Version | 10.0 |
|---|---|---|---|
| Original Approval | 8/6/2012 | Last Reviewed | 05/17/2022 |
| Approval Authority | Chief Compliance Officer | Maintenance POC | Legal |
| IC System Index Number | 8.40.10.0 | Required Reviews | Q2 - Annual |

CONFIDENTIAL AND PROPRIETARY | PROPERTY OF IC SYSTEM, INC.
Reproduction or dissemination of this document and information in parts or whole without authorization is prohibited.
CONFIDENTIAL

| Functional Area | Operations | Document Version | 10.0 |
|---|---|---|---|
| Original Approval | 8/6/2012 | Last Reviewed | 05/17/2022 |
| Approval Authority | Chief Compliance Officer | Maintenance POC | Legal |
| IC System Index Number | 8.40.10.0 | Required Reviews | Q2 - Annual |



CONFIDENTIAL AND PROPRIETARY | PROPERTY OF IC SYSTEM, INC.
Reproduction or dissemination of this document and information in parts or whole without authorization is prohibited.
CONFIDENTIAL

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ICS-030
**EXHIBIT 3-A**

CONFIDENTIAL



| Functional Area | Operations | Document Version | 10.0 |
|---|---|---|---|
| Original Approval | 8/6/2012 | Last Reviewed | 05/17/2022 |
| Approval Authority | Chief Compliance Officer | Maintenance POC | Legal |
| IC System Index Number | 8.40.10.0 | Required Reviews | Q2 - Annual |

*CONFIDENTIAL AND PROPRIETARY | PROPERTY OF IC SYSTEM, INC.*
*Reproduction or dissemination of this document and information in parts or whole without authorization is prohibited.*

CONFIDENTIAL

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**  ICS-031
**EXHIBIT 3-A**



| Functional Area | Operations | Document Version | 8.1 |
|---|---|---|---|
| Original Approval | 1/9/2011 | Last Reviewed | 10/12/2021 |
| Approval Authority | Chief Compliance Officer | Maintenance POC | Legal |
| IC System Index Number | 8.2.8.1 | Required Reviews | Q3 - Annual |

## Accurate Credit Reporting Information Policy

### Fair Credit Reporting Act

CONFIDENTIAL AND PROPRIETARY | PROPERTY OF IC SYSTEM, INC.
Reproduction or dissemination of this document and information in parts or whole without authorization is prohibited.
CONFIDENTIAL



| Functional Area | Operations | Document Version | 8.1 |
|---|---|---|---|
| Original Approval | 1/9/2011 | Last Reviewed | 10/12/2021 |
| Approval Authority | Chief Compliance Officer | Maintenance POC | Legal |
| IC System Index Number | 8.2.8.1 | Required Reviews | Q3 - Annual |

CONFIDENTIAL AND PROPRIETARY | PROPERTY OF IC SYSTEM, INC.
Reproduction or dissemination of this document and information in parts or whole without authorization is prohibited.



| Functional Area | Operations | Document Version | 8.1 |
|---|---|---|---|
| Original Approval | 1/9/2011 | Last Reviewed | 10/12/2021 |
| Approval Authority | Chief Compliance Officer | Maintenance POC | Legal |
| IC System Index Number | 8.2.8.1 | Required Reviews | Q3 - Annual |

CONFIDENTIAL AND PROPRIETARY | PROPERTY OF IC SYSTEM, INC.
Reproduction or dissemination of this document and information in parts or whole without authorization is prohibited.
CONFIDENTIAL



| Functional Area | Operations | Document Version | 8.1 |
| Original Approval | 1/9/2011 | Last Reviewed | 10/12/2021 |
| Approval Authority | Chief Compliance Officer | Maintenance POC | Legal |
| IC System Index Number | 8.2.8.1 | Required Reviews | Q3 - Annual |

*CONFIDENTIAL AND PROPRIETARY | PROPERTY OF IC SYSTEM, INC.*
*Reproduction or dissemination of this document and information in parts or whole without authorization is prohibited.*



| Functional Area | Operations | Document Version | 8.1 |
|---|---|---|---|
| Original Approval | 1/9/2011 | Last Reviewed | 10/12/2021 |
| Approval Authority | Chief Compliance Officer | Maintenance POC | Legal |
| IC System Index Number | 8.2.8.1 | Required Reviews | Q3 - Annual |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
**EXHIBIT 3-B**

ICS-021



| Functional Area | Operations | Document Version | 8.1 |
|---|---|---|---|
| Original Approval | 1/9/2011 | Last Reviewed | 10/12/2021 |
| Approval Authority | Chief Compliance Officer | Maintenance POC | Legal |
| IC System Index Number | 8.2.8.1 | Required Reviews | Q3 - Annual |

*CONFIDENTIAL AND PROPRIETARY | PROPERTY OF IC SYSTEM, INC.*
*Reproduction or dissemination of this document and information in parts or whole without authorization is prohibited.*



| Functional Area | Operations | Document Version | 8.1 |
|---|---|---|---|
| Original Approval | 1/9/2011 | Last Reviewed | 10/12/2021 |
| Approval Authority | Chief Compliance Officer | Maintenance POC | Legal |
| IC System Index Number | 8.2.8.1 | Required Reviews | Q3 - Annual |

*CONFIDENTIAL AND PROPRIETARY | PROPERTY OF IC SYSTEM, INC.*
*Reproduction or dissemination of this document and information in parts or whole without authorization is prohibited.*



| Functional Area | Operations | Document Version | 8.1 |
| --- | --- | --- | --- |
| Original Approval | 1/9/2011 | Last Reviewed | 10/12/2021 |
| Approval Authority | Chief Compliance Officer | Maintenance POC | Legal |
| IC System Index Number | 8.2.8.1 | Required Reviews | Q3 - Annual |

*CONFIDENTIAL AND PROPRIETARY | PROPERTY OF IC SYSTEM, INC.*
*Reproduction or dissemination of this document and information in parts or whole without authorization is prohibited.*
CONFIDENTIAL

**System**

| Functional Area | Operations | Document Version | 8.1 |
|---|---|---|---|
| Original Approval | 1/9/2011 | Last Reviewed | 10/12/2021 |
| Approval Authority | Chief Compliance Officer | Maintenance POC | Legal |
| IC System Index Number | 8.2.8.1 | Required Reviews | Q3 - Annual |

███████████████████

████████████████████████████████████████████████
████████████████████████████████████

**RELATED DOCUMENTATION:**

Dispute Handling Policy

Call Quality-Compliance Policy

ACDV Training Manual

Consumer Correspondence Handling Policy

Consumer Affairs Handling Procedures

Answers to Consumer Credit Reporting Questions

Corporate Training Material – Dispute Training

Data Furnisher Review Procedure

Account Verification Audit

*CONFIDENTIAL AND PROPRIETARY | PROPERTY OF IC SYSTEM, INC.*
*Reproduction or dissemination of this document and information in parts or whole without authorization is prohibited.*

CONFIDENTIAL

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ICS-025
**EXHIBIT 3-B**

Page 1

1

2

3

4        IN RE:  DORSEY, SHARON VS. I.C. SYSTEM, INC.

5            TRANSCRIPTION OF TELEPHONE CALL

6     File Name:  March 3, 2021 I_C call recording-20228

7        Runtime:  00:12:55 (hours, minutes, seconds)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
**EXHIBIT 3-C**

Page 2

```
 1              * Start of Audio Recording *
 2         REPRESENTATIVE:  Good afternoon.  This call may
 3    be monitored and is recorded.  Who do I have the
 4    pleasure of speaking with today?
 5         SHARON DORSEY:  Hey there.  My name is Sharon
 6    Dorsey, and I received a letter from your organization
 7    about a user's account with AT&T, which I've never had
 8    before.  I had this on my credit for the last two
 9    years.  They finally did take it off because they
10    could not provide the service that I applied for.
11         I got a letter saying that you guys would be
12    willing to reduce the amount by 50 percent to 7567.  I
13    don't owe any of it, honey.
14         REPRESENTATIVE:  Okay.
15         SHARON DORSEY:  I'm --
16         REPRESENTATIVE:  Whoa, whoa, whoa, whoa.
17         SHARON DORSEY:  Ma'am?
18         REPRESENTATIVE:  Okay.  First of all, okay, thank
19    you very much.  Is there a reference number or a file
20    number on that letter which I can --
21         SHARON DORSEY:  (Inaudible).  System reference
22    number, yes, ma'am.  ██ --
23         REPRESENTATIVE:  Okay.  Could you give me that --
24    okay.
25         SHARON DORSEY:  ██ --
```

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
EXHIBIT 3-C**

1          REPRESENTATIVE:  Okay.  Please continue.

2          SHARON DORSEY:  █████████

3          REPRESENTATIVE:  ████████

4          SHARON DORSEY:  No, ma'am.  ████████████.

5          REPRESENTATIVE:  Okay.  Great.  Thank you very

6      much.  Okay.  Right now we are trying to reach out to

7      Sharon Dorsey.  Is that you?

8          SHARON DORSEY:  Yes, it is.

9          REPRESENTATIVE:  Okay.  Sharon, could you please

10     give me your address?  Update -- no.  Could you be --

11     please verify your address we have here on file?

12         SHARON DORSEY:  █████████████████, Alabama

13     35097.

14         REPRESENTATIVE:  Thank you.  My name is Barbara

15     Hokey (phonetic), and I am with I.C. System.  This is

16     an attempt to collect a debt by a debt collector, and

17     the information obtained will be used for that

18     purpose.

19         We have received placement of your account owed

20     to AT&T U-verse in the -- in the amount of 15133.  How

21     would you like to pay for that today?  We accept

22     check --

23         SHARON DORSEY:  Barbara?

24         REPRESENTATIVE:  -- credit, or debit card

25     (inaudible).

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
EXHIBIT 3-C**

1          SHARON DORSEY:  Barbara?

2          REPRESENTATIVE:  Right.

3          SHARON DORSEY:  Honey --

4          REPRESENTATIVE:  I just have to go through all

5     that Miranda.

6          SHARON DORSEY:  Okay.  Well, I have to go through

7     all of my Miranda to tell you that I don't owe it.

8     This was two years ago.  I moved.  I applied for AT&T

9     internet and DIRECTV and a landline.

10          The balance on that was 10133.  They called me

11    back two days later and says they were unable to

12    provide me with that service.  I have written four

13    letters.  This used to be on my credit report.  And

14    they said the only way for me to get it off was to

15    write a letter.  Well, I wrote four.

16          Each time I looked, it was still on there.  So I

17    called AT -- AT&T.  They said that that had already

18    been turned over for collection, and I would have to

19    go directly to you guys.

20          Now, this is something they couldn't provide me

21    with that service, but they billed me for the first

22    month because I signed up for it.  And it was $101,

23    but they couldn't provide the service.  I never got

24    their service.  I never got a U-verse account.  I

25    never got an AT&T landline.  Anything.

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
EXHIBIT 3-C**

1          I had to go through DIRECTV directly, and AT&T

2     referred me to (inaudible) that satellite for my

3     internet, which I do have it with them currently.

4     AT&T never provided this service to me.

5          REPRESENTATIVE:  Okay.  And I'm just --

6          SHARON DORSEY:  And it's off of my credit, ma'am.

7          REPRESENTATIVE:  Uh-huh.  I'm listening.

8          SHARON DORSEY:  They took it -- they took it off

9     of my credit report two months ago, AT&T did.  So you

10    need to look at that because I don't own this, and I

11    am -- I've had two years of battling with it, and I

12    thought it was done.

13          But, please, I can -- I'm retired and I can't

14    deal with this on a weekly basis getting letters for

15    things that I don't owe.  If I owed this, I would have

16    been more than happy to pay it the first month, but

17    they could not provide me with the service they billed

18    me for.

19          So finally after two and a half hours in December

20    talking to AT&T, they told me they would take that off

21    my credit report because it was killing me.  I mean, I

22    went down like to 6 -- I think it was 634 for a credit

23    score because that was out there for collections.

24    AT&T did take that off.

25          But then today I get another letter saying that

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
**EXHIBIT 3-C**

1    it's -- I guess it's right back on, and I don't owe

2    this, Barbara.  I don't know what else to do to take

3    care of this, but I didn't receive the service so I

4    don't think that I should pay it.

5         REPRESENTATIVE:  Okay.  Just -- I just want to

6    make sure I get this.  Okay.  What we're going to do

7    here is that right here I'll mark this as -- as a

8    disputed for -- for the --

9         SHARON DORSEY:  Well, I wrote four letters.

10        REPRESENTATIVE:  Okay.  I'll mark this as --

11        SHARON DORSEY:  And --

12        REPRESENTATIVE:  -- you'll dispute --

13        SHARON DORSEY:  -- (inaudible).

14        REPRESENTATIVE:  And -- yeah.  Right.  Right.

15   Just that I'll mark this as disputed.  And right now

16   it will -- it will remain active in collections.  We

17   will -- okay.  I just want to make sure it gives us

18   everything here all correct and up-to-date here.

19   Okay.

20        SHARON DORSEY:  Well, Barbara, if you --

21        REPRESENTATIVE:  We'll mark -- right.  Yeah.

22   Right here, I'm going to dispute this right here for

23   you, and then I'll make notes right here saying that

24   AT&T could not provide service for you.  Yeah, because

25   right now we do show you that you -- that they had

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
EXHIBIT 3-C

Page 7

1  service here for you from June 1st, 2018, to October

2  11th, 2018.  And your --

3      SHARON DORSEY:  No, ma'am.

4      REPRESENTATIVE:  -- last bill that you --

5      SHARON DORSEY:  I never --

6      REPRESENTATIVE:  -- received is that --

7      SHARON DORSEY:  Well, they kept billing me and

8  billing me, and I kept disputing their bill.  And I'd

9  have to talk to someone every month, and they finally

10  turned it over to collections.

11      And then when I saw that on my credit report, I

12  called AT&T.  And the girl looked and she said:

13  You're right, you never had a U-verse account.  We

14  billed you.

15      I applied for it in May.  They were supposed to

16  put it in somewhere around June 1st, 2018.  They

17  called me back just two or three days after the order

18  was written and said they could not provide a

19  landline, a internet service, and that I would have to

20  go directly through DIRECTV, which is owned by AT&T.

21  And they gave me the number to contact Viasat

22  satellite for my internet, which I did.

23      But they billed me through October.  I called

24  them every month.  They would say:  Yes, ma'am.  I see

25  it here.  You -- we didn't provide you with that

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
**EXHIBIT 3-C**

1    service.

2            And they said:  We will take care of this.

3            Well, it's never been taken care of, and it's

4    been over -- we're going now on three years.  But they

5    couldn't provide --

6            REPRESENTATIVE:  Yeah.

7            SHARON DORSEY:  -- me (inaudible) that I had.

8    They couldn't provide it.  But they continued to bill

9    me for it for months, and I'd send them a letter and

10   dispute it and said:  I didn't get the service, please

11   look at my account.

12           I had to go directly through DIRECTV, and you

13   guys sent me to Viasat satellite for internet.

14   U-verse was not even available in my area, and it's

15   still not available in my area.

16           REPRESENTATIVE:  Okay.

17           SHARON DORSEY:  So they could have never provided

18   me with the service because I didn't -- it's not even

19   out here.  I live on a back road in a rural area, and

20   they -- they couldn't provide the service.

21           REPRESENTATIVE:  Okay.  Okay.  What I did here

22   for you, Sharon, is that I do -- I do understand

23   completely what this is.  Here, I made notes and --

24   and so this way then what we'll do then, we will -- we

25   have it here as disputed, so we will -- we will --

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
**EXHIBIT 3-C**

1          SHARON DORSEY:  Did you put the note -- did you
2      put the notes that they couldn't provide the service
3      that they're billing me for and I never got it?
4          REPRESENTATIVE:  Yes.  Yes, I did.  I did,
5      Sharon.  So I do have that noted.  I've noted --
6      notated your dispute.
7          The account will -- will still remain active.
8      But you know -- but what we'll do is that we'll let
9      AT&T or -- I'm not sure --
10          SHARON DORSEY:  Well, please, don't let it go
11      back on my credit report.  They just now took it off.
12      AT&T took it off two months ago.  My credit score went
13      up 46 points when they took that off.
14          Please, I mean, I don't owe anybody anything that
15      I don't pay.  And I'm an honest person, but if I owed
16      it I would pay it because it -- sometimes it seems
17      like it would just be more simple to pay it and make
18      it go away than to have to deal with it.  But you know
19      that's not right, Barbara, to have to do that.
20          REPRESENTATIVE:  I understand.  I understand.
21      And we -- I do have a note notated here on it.  So
22      when the next person calls you, they will see this and
23      then we'll take it from there then.  Okay, Sharon?
24          SHARON DORSEY:  Barbara, you're very kind but
25      don't --

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
EXHIBIT 3-C**

Page 10

```
 1              REPRESENTATIVE:  Okay.

 2              SHARON DORSEY:  -- let them put that back on my

 3      credit report, please.  I'm a 73-year-old

 4      grandmother --

 5              REPRESENTATIVE:  We --

 6              SHARON DORSEY:  -- and I think -- ma'am?

 7              REPRESENTATIVE:  You sound like a very sweet

 8      lady.  And right here I do this notated.  And just

 9      that I just need to know that you're -- you're -- we

10      have an e-mail here, which is dorvert6863@gmail.com?

11              SHARON DORSEY:  Yes, ma'am.  That's me.

12              REPRESENTATIVE:  Okay.  Okay.  Do we have your

13      consent to send you e-mails then?

14              SHARON DORSEY:  Yes.

15              REPRESENTATIVE:  I did -- I did record -- I did

16      record your -- your dispute, and we do have it notated

17      here on your account.

18              SHARON DORSEY:  Okay.

19              REPRESENTATIVE:  So just that we do not report to

20      the credit bureau.  AT&T reports.  We do not report

21      anything like that, so.

22              SHARON DORSEY:  Okay.  So AT&T finally did after

23      two and a half years -- they finally did take it off

24      in December.  And then it no longer shows on my credit

25      report, so they did do that, so but that's all.
```

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
**EXHIBIT 3-C**

1          Apparently, they're still trying to get me to

2     pay, but I just -- I just can't because I'm

3     (inaudible).

4          REPRESENTATIVE:  Right.

5          SHARON DORSEY:  The whole principle of the thing.

6     I didn't receive the service and I don't owe them.

7     I'm just one little bitty person.

8          REPRESENTATIVE:  Right.  And you -- yes.  I --

9     yes, I understand, I really do.  But we do have this

10    notated on your -- on your report.  And -- and anyway,

11    best thing to do is to re-contact AT&T to let them

12    know that you have been receiving letters, please.

13         Either have them recall this account from us or

14    revert this off of your -- your credit report.  We do

15    not -- we do not do that.

16         SHARON DORSEY:  Okay.  Well, they did take it off

17    my credit report.  They did do that.

18         REPRESENTATIVE:  Okay.

19         SHARON DORSEY:  She assured me (inaudible) do it

20    that day.  But then, see, you're still out there and

21    you still want me to pay, and I don't --

22         REPRESENTATIVE:  Right.  Right.  And I have

23    disputed this.  I put this as disputing.  So you're

24    going to have to call AT&T to have them recall the

25    account.

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
EXHIBIT 3-C

1          SHARON DORSEY:  Okay.  Thank you so much.

2          REPRESENTATIVE:  Okay.  You're welcome.  Goodbye.

3          SHARON DORSEY:  And you have a blessed day.

4     Bye-bye.

5          REPRESENTATIVE:  You too.  Bye-bye.

6                    * End of Audio Recording *

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
**EXHIBIT 3-C**

Page 13

1                CERTIFICATE OF TRANSCRIBER

2

3        I, ROBIN L. DEAL, do hereby certify that this

4    transcript was prepared from the digital audio recording

5    of the foregoing proceeding, that said transcript is a

6    true and accurate record of the proceedings to the best of

7    my knowledge, skills, and ability; that I am neither

8    counsel for, related to, nor employed by any of the

9    parties to the action in which this was taken; and,

10   further, that I am not a relative or employee of any

11   counsel or attorney employed by the parties hereto, nor

12   financially or otherwise interested in the outcome of this

13   action.

14

15

16

17

18                        ROBIN L. DEAL

19

20

21

22

23

24

25

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
**EXHIBIT 3-C**

**[00:12:55 - directly]**                                      Page 14

| **0** |
|---|
| **00:12:55**  1:7 |

| **1** |
|---|
| **101**  4:22 |
| **10133**  4:10 |
| **11th**  7:2 |
| **15133**  3:20 |
| **1st**  7:1,16 |

| **2** |
|---|
| **2018**  7:1,2,16 |
| **2021**  1:6 |
| **20228**  1:6 |
| **228**  3:12 |
| **235**  2:22 |
| **235660268-1-...**  3:4 |
| **267**  3:3 |
| **268**  3:2 |

| **3** |
|---|
| **3**  1:6 |
| **35097**  3:13 |
| **3523**  13:17 |

| **4** |
|---|
| **46**  9:13 |

| **5** |
|---|
| **50**  2:12 |

| **6** |
|---|
| **6**  5:22 |
| **634**  5:22 |
| **66**  2:25 |

| **7** |
|---|
| **73**  10:3 |
| **7567**  2:12 |

| **a** |
|---|
| **ability**  13:7 |
| **accept**  3:21 |
| **account**  2:7 3:19 4:24 7:13 8:11 9:7 10:17 11:13,25 |
| **accurate**  13:6 |
| **action**  13:9,13 |
| **active**  6:16 9:7 |
| **address**  3:10,11 |
| **afternoon**  2:2 |
| **ago**  4:8 5:9 9:12 |
| **alabama**  3:12 |
| **amount**  2:12 3:20 |
| **anybody**  9:14 |
| **anyway**  11:10 |
| **apparently**  11:1 |
| **applied**  2:10 4:8 7:15 |
| **area**  8:14,15,19 |
| **assured**  11:19 |
| **at&t**  2:7 3:20 4:8,17,25 5:1,4 5:9,20,24 6:24 7:12,20 9:9,12 10:20,22 11:11 11:24 |
| **attempt**  3:16 |
| **attorney**  13:11 |

| **audio**  2:1 12:6 13:4 |
|---|
| **available**  8:14 8:15 |

| **b** |
|---|
| **back**  4:11 6:1 7:17 8:19 9:11 10:2 |
| **balance**  4:10 |
| **barbara**  3:14,23 4:1 6:2,20 9:19 9:24 |
| **basis**  5:14 |
| **battling**  5:11 |
| **best**  11:11 13:6 |
| **bill**  7:4,8 8:8 |
| **billed**  4:21 5:17 7:14,23 |
| **billing**  7:7,8 9:3 |
| **bitty**  11:7 |
| **blessed**  12:3 |
| **box**  3:12 |
| **bureau**  10:20 |
| **bye**  12:4,4,5,5 |

| **c** |
|---|
| **c**  1:6 |
| **call**  1:5,6 2:2 11:24 |
| **called**  4:10,17 7:12,17,23 |
| **calls**  9:22 |
| **card**  3:24 |
| **care**  6:3 8:2,3 |

| **certificate**  13:1 |
|---|
| **certify**  13:3 |
| **check**  3:22 |
| **collect**  3:16 |
| **collection**  4:18 |
| **collections**  5:23 6:16 7:10 |
| **collector**  3:16 |
| **completely**  8:23 |
| **consent**  10:13 |
| **contact**  7:21 11:11 |
| **continue**  3:1 |
| **continued**  8:8 |
| **correct**  6:18 |
| **counsel**  13:8,11 |
| **credit**  2:8 3:24 4:13 5:6,9,21,22 7:11 9:11,12 10:3,20,24 11:14,17 |
| **currently**  5:3 |

| **d** |
|---|
| **date**  6:18 |
| **day**  11:20 12:3 |
| **days**  4:11 7:17 |
| **deal**  5:14 9:18 13:3,18 |
| **debit**  3:24 |
| **debt**  3:16,16 |
| **december**  5:19 10:24 |
| **digital**  13:4 |
| **directly**  4:19 5:1 7:20 8:12 |

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
**EXHIBIT 3-C**

**directv**  4:9 5:1
  7:20 8:12
**dispute**  6:12,22
  8:10 9:6 10:16
**disputed**  6:8,15
  8:25 11:23
**disputing**  7:8
  11:23
**dorsey**  1:4 2:5,6
  2:15,17,21,25
  3:2,4,7,8,12,23
  4:1,3,6 5:6,8 6:9
  6:11,13,20 7:3,5
  7:7 8:7,17 9:1
  9:10,24 10:2,6
  10:11,14,18,22
  11:5,16,19 12:1
  12:3
**dorvert6863**
  10:10

**e**

**e**  10:10,13
**either**  11:13
**employed**  13:8
  13:11
**employee**  13:10

**f**

**file**  1:6 2:19
  3:11
**finally**  2:9 5:19
  7:9 10:22,23
**financially**
  13:12

**first**  2:18 4:21
  5:16
**foregoing**  13:5
**fork**  3:12
**four**  4:12,15 6:9
**further**  13:10

**g**

**getting**  5:14
**girl**  7:12
**give**  2:23 3:10
**gives**  6:17
**gmail.com**
  10:10
**go**  4:4,6,19 5:1
  7:20 8:12 9:10
  9:18
**going**  6:6,22 8:4
  11:24
**good**  2:2
**goodbye**  12:2
**grandmother**
  10:4
**great**  3:5
**guess**  6:1
**guys**  2:11 4:19
  8:13

**h**

**half**  5:19 10:23
**happy**  5:16
**hereto**  13:11
**hey**  2:5
**hokey**  3:15
**honest**  9:15

**honey**  2:13 4:3
**hours**  1:7 5:19
**huh**  5:7

**i**

**i.c.**  1:4 3:15
**inaudible**  2:21
  3:25 5:2 6:13
  8:7 11:3,19
**information**
  3:17
**interested**  13:12
**internet**  4:9 5:3
  7:19,22 8:13

**j**

**june**  7:1,16

**k**

**kept**  7:7,8
**killing**  5:21
**kind**  9:24
**know**  6:2 9:8,18
  10:9 11:12
**knowledge**  13:7

**l**

**l**  13:3,18
**lady**  10:8
**landline**  4:9,25
  7:19
**letter**  2:6,11,20
  4:15 5:25 8:9
**letters**  4:13 5:14
  6:9 11:12
**listening**  5:7
**little**  11:7

**live**  8:19
**locust**  3:12
**longer**  10:24
**look**  5:10 8:11
**looked**  4:16
  7:12

**m**

**ma'am**  2:17,22
  3:4 5:6 7:3,24
  10:6,11
**made**  8:23
**mail**  10:10
**mails**  10:13
**make**  6:6,17,23
  9:17
**march**  1:6
**mark**  6:7,10,15
  6:21
**mean**  5:21 9:14
**minutes**  1:7
**miranda**  4:5,7
**monitored**  2:3
**month**  4:22 5:16
  7:9,24
**months**  5:9 8:9
  9:12
**moved**  4:8

**n**

**name**  1:6 2:5
  3:14
**need**  5:10 10:9
**neither**  13:7
**never**  2:7 4:23
  4:24,25 5:4 7:5

DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
EXHIBIT 3-C

7:13 8:3,17 9:3
**notated** 9:6,21
  10:8,16 11:10
**note** 9:1,21
**noted** 9:5,5
**notes** 6:23 8:23
  9:2
**number** 2:19,20
  2:22 7:21

**o**

**obtained** 3:17
**october** 7:1,23
**okay** 2:14,18,18
  2:23,24 3:1,5,6
  3:9 4:6 5:5 6:5
  6:6,10,17,19
  8:16,21,21 9:23
  10:1,12,12,18
  10:22 11:16,18
  12:1,2
**old** 10:3
**order** 7:17
**organization**
  2:6
**outcome** 13:12
**owe** 2:13 4:7
  5:15 6:1 9:14
  11:6
**owed** 3:19 5:15
  9:15
**own** 5:10
**owned** 7:20

**p**

**parties** 13:9,11
**pay** 3:21 5:16
  6:4 9:15,16,17
  11:2,21
**percent** 2:12
**person** 9:15,22
  11:7
**phonetic** 3:15
**placement** 3:19
**please** 3:1,9,11
  5:13 8:10 9:10
  9:14 10:3 11:12
**pleasure** 2:4
**po** 3:12
**points** 9:13
**prepared** 13:4
**principle** 11:5
**proceeding** 13:5
**proceedings**
  13:6
**provide** 2:10
  4:12,20,23 5:17
  6:24 7:18,25 8:5
  8:8,20 9:2
**provided** 5:4
  8:17
**purpose** 3:18
**put** 7:16 9:1,2
  10:2 11:23

**r**

**reach** 3:6
**really** 11:9
**recall** 11:13,24

**receive** 6:3 11:6
**received** 2:6
  3:19 7:6
**receiving** 11:12
**record** 10:15,16
  13:6
**recorded** 2:3
**recording** 1:6
  2:1 12:6 13:4
**reduce** 2:12
**reference** 2:19
  2:21
**referred** 5:2
**related** 13:8
**relative** 13:10
**remain** 6:16 9:7
**report** 4:13 5:9
  5:21 7:11 9:11
  10:3,19,20,25
  11:10,14,17
**reports** 10:20
**representative**
  2:2,14,16,18,23
  3:1,3,5,9,14,24
  4:2,4 5:5,7 6:5
  6:10,12,14,21
  7:4,6 8:6,16,21
  9:4,20 10:1,5,7
  10:12,15,19
  11:4,8,18,22
  12:2,5
**retired** 5:13
**revert** 11:14
**right** 3:6 4:2 6:1
  6:7,14,14,15,21

6:22,22,23,25
  7:13 9:19 10:8
  11:4,8,22,22
**road** 8:19
**robin** 13:3,18
**runtime** 1:7
**rural** 8:19

**s**

**satellite** 5:2 7:22
  8:13
**saw** 7:11
**saying** 2:11 5:25
  6:23
**says** 4:11
**score** 5:23 9:12
**seconds** 1:7
**see** 7:24 9:22
  11:20
**seems** 9:16
**send** 8:9 10:13
**sent** 8:13
**service** 2:10
  4:12,21,23,24
  5:4,17 6:3,24
  7:1,19 8:1,10,18
  8:20 9:2 11:6
**sharon** 1:4 2:5,5
  2:15,17,21,25
  3:2,4,7,8,9,12
  3:23 4:1,3,6 5:6
  5:8 6:9,11,13,20
  7:3,5,7 8:7,17
  8:22 9:1,5,10,23
  9:24 10:2,6,11
  10:14,18,22

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
**EXHIBIT 3-C**

11:5,16,19 12:1
12:3
**show**  6:25
**shows**  10:24
**signature**  13:17
**signed**  4:22
**simple**  9:17
**skills**  13:7
**sound**  10:7
**speaking**  2:4
**start**  2:1
**supposed**  7:15
**sure**  6:6,17 9:9
**sweet**  10:7
**system**  1:4 2:21
3:15

**t**

**take**  2:9 5:20,24
6:2 8:2 9:23
10:23 11:16
**taken**  8:3 13:9
**talk**  7:9
**talking**  5:20
**telephone**  1:5
**tell**  4:7
**thank**  2:18 3:5
3:14 12:1
**thing**  11:5,11
**things**  5:15
**think**  5:22 6:4
10:6
**thought**  5:12
**three**  7:17 8:4
**time**  4:16

**today**  2:4 3:21
5:25
**told**  5:20
**took**  5:8,8 9:11
9:12,13
**transcriber**  13:1
**transcript**  13:4
13:5
**transcription**
1:5
**true**  13:6
**trying**  3:6 11:1
**turned**  4:18
7:10
**two**  2:8 4:8,11
5:9,11,19 7:17
9:12 10:23

**u**

**u**  3:20 4:24 7:13
8:14
**uh**  5:7
**unable**  4:11
**understand**
8:22 9:20,20
11:9
**update**  3:10
**used**  3:17 4:13
**user's**  2:7

**v**

**verify**  3:11
**verse**  3:20 4:24
7:13 8:14
**viasat**  7:21 8:13

**vs**  1:4

**w**

**want**  6:5,17
11:21
**way**  4:14 8:24
**weekly**  5:14
**welcome**  12:2
**went**  5:22 9:12
**whoa**  2:16,16,16
2:16
**willing**  2:12
**write**  4:15
**written**  4:12
7:18
**wrote**  4:15 6:9

**y**

**yeah**  6:14,21,24
8:6
**year**  10:3
**years**  2:9 4:8
5:11 8:4 10:23

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
EXHIBIT 3-C**

FLORIDA RULES OF CIVIL PROCEDURE

Rule 1.310

(e) Witness Review. If the testimony is
transcribed, the transcript shall be furnished to
the witness for examination and shall be read to or
by the witness unless the examination and reading
are waived by the witness and by the parties. Any
changes in form or substance that the witness wants
to make shall be listed in writing by the officer
with a statement of the reasons given by the
witness for making the changes. The changes shall
be attached to the transcript. It shall then be
signed by the witness unless the parties waived the
signing or the witness is ill, cannot be found, or
refuses to sign. If the transcript is not signed by
the witness within a reasonable time after it is
furnished to the witness, the officer shall sign
the transcript and state on the transcript the
waiver, illness, absence of the witness, or refusal
to sign with any reasons given therefor. The
deposition may then be used as fully as though
signed unless the court holds that the reasons
given for the refusal to sign require rejection of



the deposition wholly or partly, on motion under
rule 1.330(d)(4).




DISCLAIMER:  THE FOREGOING CIVIL PROCEDURE RULES
ARE PROVIDED FOR INFORMATIONAL PURPOSES ONLY.
THE ABOVE RULES ARE CURRENT AS OF APRIL 1,
2019.  PLEASE REFER TO THE APPLICABLE STATE RULES
OF CIVIL PROCEDURE FOR UP-TO-DATE INFORMATION.

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
**EXHIBIT 3-C**

VERITEXT LEGAL SOLUTIONS

COMPANY CERTIFICATE AND DISCLOSURE STATEMENT

Veritext Legal Solutions represents that the
foregoing transcript is a true, correct and complete
transcript of the colloquies, questions and answers
as submitted by the court reporter. Veritext Legal
Solutions further represents that the attached
exhibits, if any, are true, correct and complete
documents as submitted by the court reporter and/or
attorneys in relation to this deposition and that
the documents were processed in accordance with
our litigation support and production standards.

Veritext Legal Solutions is committed to maintaining
the confidentiality of client and witness information,
in accordance with the regulations promulgated under
the Health Insurance Portability and Accountability
Act (HIPAA), as amended with respect to protected
health information and the Gramm-Leach-Bliley Act, as
amended, with respect to Personally Identifiable
Information (PII). Physical transcripts and exhibits
are managed under strict facility and personnel access
controls. Electronic files of documents are stored
in encrypted form and are transmitted in an encrypted

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
EXHIBIT 3-C**

fashion to authenticated parties who are permitted to access the material. Our data is hosted in a Tier 4 SSAE 16 certified facility.

Veritext Legal Solutions complies with all federal and State regulations with respect to the provision of court reporting services, and maintains its neutrality and independence regardless of relationship or the financial outcome of any litigation. Veritext requires adherence to the foregoing professional and ethical standards from all of its subcontractors in their independent contractor agreements.

Inquiries about Veritext Legal Solutions' confidentiality and security policies and practices should be directed to Veritext's Client Services Associates indicated on the cover of this document or at www.veritext.com.

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**
**EXHIBIT 3-C**