# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **SHARON DORSEY,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No.: 2:22-cv-1489-ACA |
| ) | |
| **TRANS UNION, LLC,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## PARTIAL SUMMARY JUDGMENT

Consistent with the accompanying memorandum opinion, the court **GRANTS IN PART**, **DENIES IN PART,** and **RESERVES RULING IN PART**. (Doc. 38).

The court **ENTERS SUMMARY JUDGMENT** in ICS's favor to the extent Plaintiff Sharon Dorsey alleges that ICS violated the the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§ 1692d, 1692e, when ICS attempted to collect a debt that she did not owe.

The court **DENIES** ICS's motion on the aspect of Ms. Dorsey's FDCPA claim that alleges that ICS violated the FDCPA when it called Ms. Dorsey to attempt debt collection after receiving notice that she disputed the debt. The court **REJECTS** many of ICS's arguments as to Ms. Dorsey's claim under Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681s-2(b) and **DENIES** ICS's motion on those grounds.

The court **RESERVES RULING** on ICS's remaining argument regarding Ms. Dorsey's FCRA claim in which ICS asserts the information ICS provided Trans Union was accurate because Ms. Dorsey's dispute was based on a legal question instead of a factual inaccuracy. The court **DIRECTS** the parties to provide supplemental briefing as set out in the accompanying memorandum opinion. The court likewise **RESERVES RULING** on the aspect of Ms. Dorsey's FDCPA claim, in which she alleges ICS violated the FDCPA when it reported and verified the debt to Trans Union after she disputed the debt because that aspect of her claim implicates ICS's argument regarding the FCRA.

**DONE** and **ORDERED** this May 1, 2024.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE